GEORGE F. WELLMAN, APPELLANT, *v.* THE SUN PRINTING AND PUBLISHING ASSOCIATION, RESPONDENT.

*Libel — defamation of plaintiff's (a lawyer's) deceased wife — alleged injury in a professional capacity.*

A complaint by a husband against the publisher of a newspaper, based upon an article which the complaint alleged stated, in effect, that the plaintiff's deceased wife died under circumstances which aroused the suspicions of her husband, a lawyer, that she had caused her own death by procuring a miscarriage upon her person, which was alleged to have been published of and concerning the plaintiff and his deceased wife, and to be false and to have injured the plaintiff, and that by reason thereof he had sustained special damage in his professional business, is demurrable as not stating a cause of action.

Such an injurious publication solely affects the deceased wife, and is a personal wrong which dies with her.

The mere allegation in the complaint that the article was published of and concerning the plaintiff does not, under the principle that a demurrer admits the complaint, make out a cause of action, the other facts stated being at variance with such allegation.

No charge being made in the alleged libelous article against the plaintiff's professional character, and no legal reason existing why the plaintiff as a lawyer should be injured by it, the charge of libel as regards the plaintiff is not supported by reason of his professional character.

APPEAL by the plaintiff, George F. Wellman, from an order made at the Kings County Special Term, and entered in the office of the clerk of Kings county on the 8th day of January, 1891, sustaining the defendant's demurrer to the complaint, and from the judgment entered thereon dismissing the complaint, with costs.

The complaint demurred to was as follows : The plaintiff, in complaining against the defendant above named, alleges, for cause of action, the following facts, to wit :

(1.) At the time and times hereinafter mentioned, as the plaintiff is informed and believes, the defendant was and now is a domestic corporation, duly organized and incorporated under the laws of the State of New York, and doing business as such in the city and county of New York in the publication and circulation of a daily newspaper known and called " The Evening Sun."

(2.) That on or about the 1st day of February, 1890, the said defendant, contriving and wickedly and maliciously intending to injure the plaintiff in his good name, fame and credit, and to bring him into public scandal, infamy and disgrace with and amongst all his neighbors and other good and worthy citizens, and to cause it to be suspected and believed that the plaintiff's deceased wife, Sophia M. Wellman, had, in her lifetime, been untrue to him, and unfaithful to her marriage vows ; that she had been guilty of illicit intercourse or criminal connection with some man other than her husband, the plaintiff herein, by whom she had become pregnant ; that she, the said Sophia M. Wellman, had been guilty of grave crimes and offenses against the laws of the State, and that while pregnant, as aforesaid, had procured one Dr. Mary J. McClery, a midwife, to produce an abortion upon her person, thereby causing and producing her, the said Sophia M. Wellman's, death ; and to vex, harass and oppress the plaintiff, and to degrade and disgrace the name, character and memory of his deceased wife, and to injure him, said plaintiff, in his professional and social relations, the said defendant, on or about the 1st day of February, 1890, as aforesaid, at the city of New York, falsely, wickedly and maliciously composed and published, or caused or procured to be composed and published, in a daily newspaper called " The Evening Sun," of and concerning the plaintiff, and of and concerning his said wife, Sophia M. Wellman, the deceased, a false, scandalous, malicious and defamatory libel of and concerning her death, and the cause of her death, containing, among other things, the false, malicious, scandalous and defamatory matter of and concerning the plaintiff and his aforesaid wife, to wit : " The lawyer (plaintiff meaning), who is very well known both down town and in Harlem, told the detectives that last Sunday his wife first

told him of her condition, and that she intended to send for a doctor of her own choice. Next day a strange woman, who it appears was Dr. McClery, put in an appearance. She stayed for some days, and, finally, Mr. Wellman's suspicions (meaning plaintiff's suspicions), were aroused; these suspicions were shortly confirmed by what he got his wife to admit. Notwithstanding her story of shame, Mr. Wellman (the plaintiff meaning), tried to do what he could for his indiscreet wife. * * * As a result of Mrs. Wellman's story, detectives went to the Thirty-fourth street house and arrested Dr. McClery. * * * It is rumored that there is a young man in the case, and another arrest may follow."

(3.) That all and singular the aforesaid statements, allegations and insinuations, by inuendoes and otherwise, of and concerning his deceased wife, the said Sophia M. Wellman, and the cause of her death, and so printed and published in "The Evening Sun" on February 1, 1890, as aforesaid, were and are most wickedly and maliciously false and untrue in each and every particular.

(4.) That the defendant caused and procured the said newspaper called "The Evening Sun," containing the aforesaid libelous and scandalous matter, to be extensively circulated through the mails and otherwise in the city of New York, and in other cities and towns of the United States, on February 1, 1890, as aforesaid, and at divers other times, to plaintiff's great loss and damage.

(5.) That at the time and times of the publication of the false, scandalous and defamatory matter of and concerning the plaintiff, and of and concerning his wife, Sophia M. Wellman, as aforesaid, he was and still is an attorney and counselor-at-law, and duly engaged in the practice of his profession in the cities of New York and Brooklyn, and that by reason of the publication and circulation of the aforesaid libelous and scandalous matter he has been greatly damnified, and has suffered and sustained special damages in this, to wit: That his professional business has been greatly injured and depreciated, and his pecuniary income and profit therefrom largely diminished in more than one hundred dollars; that he has lost social and professional position and standing in the community, and has been thereby brought into public scandal, infamy and disgrace with and amongst all his neighbors and other good and worthy citizens, and solely for the cause aforesaid.

Wherefore, the plaintiff demands judgment against the defendant, as and for his damages in the premises, in the sum of $50,000, besides the costs and disbursements of this action.

To this complaint, the defendant served the following demurrer: The defendant, The Sun Printing and Publishing Association, demurs to the complaint herein on the ground that it appears upon the face thereof that the complaint does not state facts sufficient to constitute a cause of action.

*A. J. Moore*, for the appellant.

*Franklin Bartlett*, for the respondent.

BARNARD, P. J.:

The complaint alleges that the article states that Sophia Wellman, the plaintiff's wife, died under circumstances which aroused her husband's suspicion that she had caused her own death by procuring a miscarriage upon her person. The article states that the plaintiff was a lawyer. The complaint states that the article was published to injure the plaintiff. No cause of action is stated in favor of the plaintiff. The injurious publication solely affects the deceased lady and is a personal wrong which died with her. (*Cregin* v. *Brooklyn, etc., R. R. Co.*, 75 N. Y., 192.)

There is an allegation that the article was published of and concerning the plaintiff. No libellous statement against him is made in it. The mere statement in the complaint that the article was published of and concerning the plaintiff does not, under the principle that a demurrer admits the complaint, make out a cause of action. (*Fleischmann* v. *Bennett*, 87 N. Y., 231.)

The facts stated are at variance with this allegation. The libel is upon the wife. The libel is not supported by reason of the plaintiff's professional character being injured by the libel. No charge is made against the professional character of plaintiff, and no legal reason exists why the plaintiff, as a lawyer, should be injured by it.

The order sustaining the demurrer should, therefore, be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment upon order sustaining the demurrer to complaint affirmed, with costs.