(26 Misc. Rep. 591.)

### ZINSERLING v. JOURNAL CO.

(Supreme Court, Special Term, Albany County.    March, 1899.)

1. PLEADING—DEMURRERS.
    An allegation in a complaint, where at variance with the facts stated therein, must be rejected when attacked by a demurrer.
2. LIBEL—INNUENDOES—ADMISSIONS BY DEMURRER.
    A demurrer to a complaint for libel does not admit the allegations contained in the innuendo, where such innuendo is not justified by the antecedent facts.
3. SAME—QUESTION FOR COURT.
    Where the words of an alleged libel are unambiguous, and admit of but one meaning, the question whether they are libelous is for the court.
4. LIBEL PER SE—HOTEL KEEPER.
    It is not libelous per se to publish that a variety troupe were at plaintiff's hotel without money, and that plaintiff refused to furnish food or board to them without pay, and that he detained their baggage for their bills.

Action by Gustave Zinserling against the Journal Company. Demurrer to the complaint. Sustained.

Edward J. Meegan, for plaintiff.
Scherer & Downs, for defendant.

EDWARDS, J. This is an action for libel. The defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff alleges that he is the proprietor of an hotel known as the "Columbia Hotel," in Albany, and the defendant is the publisher of the Albany Morning Express, printed in the city of Albany. The complaint sets forth verbatim the alleged libelous publication, which appeared in the defendant's paper on the 20th day of June, 1898. The article in question

gives the name of a "variety troupe" which had been performing in Albany the previous week, and then proceeds to narrate at some length the discomforts and inconveniences of the members of the company by reason of their impecunious condition, and their inability to pay for their board and lodging at the plaintiff's hotel, where they were guests. It states the names of the members of the company, the relief afforded to some of them by some of their friends, and other facts in relation to, them, the recital of which is not here important. It does not state or intimate that the plaintiff was in any way connected with the said company, or responsible for its pecuniary misfortunes. The only allusions to him in connection with them were the statements, in substance, that they were at his hotel, without money to pay for board and lodging; that he refused to furnish food or board to them without pay; that the three year old hungry daughter of one of the performers, who had no money, got no food in the dining room, where she piteously cried for it; and that the baggage of some of them was detained for their bills. Although the complaint alleges that the article "was published of and concerning the plaintiff," it is apparent, on inspection, that but very little of. the article was concerning the plaintiff. On a demurrer such an allegation must be rejected when the facts stated are at variance with the allegation. Fleischmann v. Bennett, 87 N. Y. 231; Wellman v. Publishing Co., 66 Hun, 334, 21 N. Y. Supp. 577.

The complaint further alleges the meaning of said article as understood and meant to be understood by the friends, acquaintances, and patrons of plaintiff and the readers of the paper, and also "that said article held up and subjected this plaintiff to public ridicule, hatred, and contempt, and to deprive him of public confidence and social intercourse, and to injure and destroy his business"; also that by the publication of the article "the plaintiff has suffered greatly, and has been, and still is, greatly injured in his good name, fame, and credit; the plaintiff has been brought into public ridicule, scorn, scandal, and disgrace, and held up to public hatred, contempt, and ridicule; besides has suffered great mortification, besides damage to plaintiff and his business of $20,000." It is the contention of the plaintiff that the defendant, by demurring, has admitted all the allegations in the complaint, including those contained in the innuendo. I think this proposition is untenable. A demurrer admits such facts only as are properly pleaded, and not conclusions of fact or of law. The pleader's inferences or deductions from the facts pleaded, or the construction he puts upon the facts pleaded, are not admitted. The office of an innuendo is to apply what has been already expressed, and not to enlarge or change its meaning. It cannot extend the meaning beyond what the words and the facts with which they are connected justify, and, on a demurrer, must be rejected when not justified by the antecedent facts. Fleischmann v. Bennett, 87 N. Y. 231; Brown v. Moore, 90 Hun, 169, 35 N. Y. Supp. 736. It is only when the language is ambiguous, and permits of different constructions, any one of which makes it defamatory, that a question is presented for the jury to decide in what sense it was intended. When the words are unambiguous, and admit of but one sense, the court must determine whether or not they

are libelous.  Woodruff v. Bradstreet Co., 116 N. Y. 217, 22 N. E. 354; Moore v. Francis, 121 N. Y. 202, 23 N. E. 1127.  It is therefore the duty of the court, if the language is not of doubtful import, to determine whether or not it is actionable.  It is clear from the reading of the article that the words are unambiguous, and admit of but one construction.  We are not here concerned with the article, so far as it relates exclusively to the company, for, if that portion of it were libelous, it would give no right of action to the plaintiff.  Our consideration must be directed to that portion of the article which relates to, or with which the plaintiff is connected.  So far as he is concerned, we are convinced that it contains nothing which is libelous.  There is an entire absence of any statements concerning him which tend to expose him to disgrace, ridicule, or obloquy, or which affect or prejudice him in his business as an hotel keeper.  There is no charge or intimation that the guests referred to were dishonest, or that the members of the company were improper characters, whose presence would tend to bring the plaintiff's hotel into disrepute, and injuriously affect its patronage.  The only statements in the article in relation to the plaintiff in connection with the company are, in substance, that they were guests at his hotel, whom he lodged, but for whom he refused to provide food and board without pay, and whose baggage he detained for failure to pay their bills.  It is clearly not libelous to say of an hotel keeper that he detains the baggage of his guests for failure to pay their bills.  He has a legal right so to do, and it is common knowledge that this right is frequently exercised.  Nor is it libelous to say of him that he refuses board to guests who have no money to pay for it.  This is as much his privilege as it is the privilege of a grocer to refuse to sell groceries, or of a baker to sell bread, to those who have no money.  It is the unquestioned right of any one engaged in business to refuse food or any commodity without payment, and that this right is frequently exercised is within the experience of some, and the knowledge of all.  It does not tend to expose him to disgrace, ridicule, or obloquy.  Nor could the statement that the plaintiff refused board to those who could not pay for it injure him in his business.  It could have no tendency to keep away those who have money to pay, and a want of patronage of those who have no money is quite otherwise than injurious.  The statement that he refused to furnish food, and detained the baggage of his guests, is simply a statement that he exercised those legal rights which, within common knowledge, those engaged in that business are accustomed to exercise.  No facts showing special damage are alleged, and the statements in respect to the plaintiff are not libelous per se.  The demurrer should be sustained, with costs.

Demurrer sustained, with costs.