## MOONEY v. BENNETT.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

LIBEL AND SLANDER—WORDS ACTIONABLE—PLEADING.

Published statements that M. had lived with plaintiff, "who is the woman who calls herself Mrs. M.," and that his relations deny her claim to the title, and the designation of the plaintiff as "Mrs. M." and the "alleged Mrs. M.," are libelous per se, and no innuendo is necessary.

Appeal from trial term, New York county.

Action by Hester E. Mooney against James Gordon Bennett. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Thomas O'Neil, for appellant.

Flamen B. Candler, for respondent.

RUMSEY, J. The action was brought to recover for a libel. The complaint was dismissed at the trial, and the plaintiff's motion for a new trial was denied; and the appeal is taken from the judgment entered upon the dismissal, and from the order.

The alleged libel was published in the New York Herald, a newspaper published in the city of New York. The complaint set forth that the defendant was the owner and publisher of the paper. That was denied. The article complained of was attached to the complaint, and made a part of it. It was alleged that the statements in the article were written of and concerning the plaintiff, but the complaint contained no innuendoes as to the meaning of the article. The complaint was dismissed for the reason that, as the article was not libelous per se, the complaint was defective, because the plaintiff did not set out by innuendo the injurious meaning to which she claimed the words were susceptible, and for the further reason that it did not appear that the defendant was the proprietor of the New York Herald.

It is well settled that, when the words complained of are libelous per se, no innuendo is necessary. Odgers, Lib. & Sland. pp. 100–105. Any written publication is libelous which tends to bring the person of whom it is written into disrepute or public contempt, or to injure his reputation in the community. That this article had that effect is quite clear. The plaintiff was spoken of as "a woman who calls herself Mrs. Mooney." It was stated that "the relatives of Col. Mooney emphatically deny her claim to the title of Mrs. Mooney." The article stated further that Col. Mooney had married, and that "his wife died two years later, leaving a son, who also died. His friends say that he never married again. They admit that 22 years ago he met Mrs. Hester Sears, the woman who now asserts that she is Mrs. Mooney No. 2, with whom he lived until 6 years ago. Col. Mooney and this woman separated upon the condition that he should pay her $50 a month." In a subsequent paragraph of the article the plaintiff was spoken of as "Mrs. Mooney" (those words being in quotations), and as the "alleged Mrs. Mooney." The necessary inference from those portions of the article which are quoted above is that this woman, not being married to Col. Mooney, had lived with him for many years as his wife. It needs no citation of authorities to show that such statements are libelous, and no innuendo was therefore required.

The jury might have found from the evidence that the defendant was the proprietor of the New York Herald.

The court erred, therefore, in dismissing the complaint upon the grounds stated, and there must be a new trial for the plaintiff, with costs to appellant to abide the action.  All concur.