Action by Philip Herzog against Barnett Shapiro and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Louis B. Boudin, for appellant.

Epstein Bros., for respondents.

O'GORMAN, J. The defense of the nonjoinder of Betsy Shapiro, a necessary party defendant, is clearly established by the proofs. Apart from this point, however, the evidence amply supports the conclusion reached by the court below on the facts, and the judgment appealed from should not be disturbed.

Judgment affirmed, with costs. All concur.

## MOONEY v. NEW YORK NEWS PUB. CO.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

1. LIBEL AND SLANDER—EVIDENCE.

A newspaper article referred to a Mrs. S. as having lived with a Mr. M. for several years as his wife; that she was not his wife; that they separated six years before the death of Mr. M.; that just before his death she came and attempted to take charge of his house; that she had a controversy with the housekeeper, and also with his niece; that she was present at the preparation for, and at the funeral of, Mr. M. Elsewhere in the article she was spoken of as Mrs. M. The evidence on the trial for libel showed that Mrs. S. had met Mr. M. several years before, and they were married; that later, in an action brought by her, she obtained a decree of separation, and lived separate and apart from him; that the controversies were as alleged in the article. *Held*, that the article alleged to be libelous sufficiently referred to Mrs. M.

2. SAME—WORDS LIBELOUS PER SE.

A false statement charging a woman with living with a man as his wife, though not married to him, is libelous per se.

Appeal from trial term, New York county.

Action by Hester E. Mooney against the New York News Publishing Company for libel. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Delos McCurdy, for appellant.

Cornelius J. Earley, for respondent.

McLAUGHLIN, J. This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the publication of a libelous article in a newspaper published by the defendant. The plaintiff had a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, the defendant has appealed.

The complaint alleged that the defendant published of and concerning the plaintiff a false, scandalous, defamatory, and libelous article. The article complained of was annexed to, and formed a part of, the complaint. The heading of the article was as follows:

"Wants His Property. Before Col. Mooney's death, a woman appeared. Claimed she was his wife. Ordered the housekeeper downstairs. Created a disturbance and was ejected. Not present at the funeral."

The article, or so much of it as is claimed to refer to the plaintiff, read as follows:

"Col. Mooney died Sunday, and there is already talk of a contest over his will. * * * In his house was Mrs. Augusta Quinlan, who had been living there for some time as his housekeeper. Col. Mooney was married when he was 20 years of age. His wife died in two years, after having borne him a son, who also died. Twenty-two years ago, Col. Mooney met Mrs. Hester Seers, whose husband is now said to be in Baltimore. She is now 50 years of age. They lived together, it is alleged, up to six years ago, and the accusation is made that there was no marriage between them. Mrs. Charles Walker, the niece of Col. Mooney, makes this accusation. * * * She was seen to-day at the home of Col. Mooney, where she told the following story: 'My uncle told me that he had endured Mrs. Seers as long as he could, but that he tired of her. They separated six years ago. He afterwards took a house with Mrs. Quinlan as housekeeper. * * * Col. Mooney was taken sick two weeks ago. He became unconscious. As soon as Mrs. Seers heard of it, she came to the house, ordered Mrs. Quinlan downstairs, telling her not to show herself abovestairs again, and, when Mrs. Quinlan resisted, threw her against the wall, injuring Mrs. Quinlan's arm. The housekeeper has not been upstairs since. * * * Mrs. Seers remained until Col. Mooney died.' Mrs. Walker did not arrive at the home of Col. Mooney until Monday afternoon. She found Mrs. Mooney there. The corpse was in the parlor. Mrs. Walker tried to arrange some things in the parlor, and Mrs. Mooney interfered. 'You little hussy!' said Mrs. Mooney, 'get out of here.' Mrs. Walker said she would not get out, and she took hold of one end of the piano cloth to arrange it. Mrs. Mooney seized the other end, and told her she must leave. 'I won't leave,' said Mrs. Walker. 'My uncle told me that he hated you, and that you were not his wife.' Mrs. Mooney replied, 'You dirty, impertinent, little liar!' Both women remained in the house all day, neither speaking or looking at the other. William Teed, a friend of Col. Mooney, went to the house at the request of Charles Baxter, one of the executors of the estate. Mr. Teed arranged the casket, bier, candles, and the rest of the things, in the parlor. Mrs. Walker said this morning that Mrs. Mooney attempted to interfere, and that Teed said that he would put his arm around her and take her into the street if she did not stop interfering. Mrs. Mooney did not further attempt to, Mrs. Walker said. As the funeral was to take place at one o'clock, Mr. Teed asked Mr. Baxter what he should do in case there should be any trouble, and, according to Mrs. Walker, Mr. Baxter said that she must not be allowed to make the slightest interference. Mrs. Mooney said this morning, when asked if a marriage had been consummated between herself and Col. Mooney: 'No statements to reporters. I have nothing to say.' * * * It is said that Mrs. Mooney is going to contest the will. The funeral of Col. Mooney took place this afternoon at one o'clock. * * * Mrs. Mooney caused no trouble."

The answer admitted that at or about the time alleged in the complaint the defendant published an article similar to the one in the complaint set forth, and alleged that it published the same in good faith, without malice, believing the same to be true; that none of the officers or employés of the defendant had any personal acquaintance with, or knowledge of, the plaintiff; that said article was published in the regular course of business of the defendant, as news matter; and that such matter had been communicated to and received by the defendant in the regular course of its business, as a publisher of news, from the Associated Press, which had been at the time doing business as a news agency for a number of years, and was of good reputation and standing, and considered reliable by the defendant.

Upon the trial it appeared that the plaintiff in December, 1852, was married to the James J. Mooney referred to in the article, and had lived with him as his wife, until 1891, when, in an action brought by her for that purpose, she obtained a decree of separation, and thereafter lived separate and apart from him; that shortly before his death she visited him, and undertook to take charge of him; that while she was there she had a controversy with Mrs. Quinlan, the housekeeper of Col. Mooney, and also with Mrs. Walker, a niece, and these controversies were the only foundation for so much of the article as referred to the plaintiff.

The appellant attacks the validity of the judgment, principally upon the ground that the article, taken in its entirety, was not libelous, so far as the plaintiff was concerned; in other words, that there is nothing in the article from which it could be fairly inferred that the reference to the person called Mrs. Hester Seers was to the plaintiff, or that the plaintiff was the person referred to as having lived with Col. Mooney, although not married to him, and that the evidence introduced upon the trial did not show or tend to show that the reference to Mrs. Hester Seers in the article was intended by the writer, or understood by the reader, to be the plaintiff. We do not think this is a fair construction of the article. On the contrary, the plain inference to be deduced from the article, as a whole, is that the plaintiff is the person referred to; that she was not the wife of Col. Mooney; that she had never been married to him; that they had lived together as man and wife for a time; and that he, tiring of her, had left her. This is clearly indicated by the following statement in the body of the article:

"Mrs. Mooney said this morning, when asked if a marriage had been consummated between herself and Col. Mooney: 'No statement to reporters. I have nothing to say.'"

The complaint alleged that she was the person referred to in the article itself, and the evidence introduced upon the trial established that allegation. If this conclusion be correct, it cannot seriously be questioned but that the article was libelous. Any written publication which tends to injure the reputation or standing of a person in the community, and bring him into disrepute or public contempt, is libelous, and that this article had that effect upon the plaintiff is clear. The charge is made that the plaintiff, not being married to Col. Mooney, had lived with him for many years as his wife. The statement was false. She had been legally married to him, and had lived with him until a separation had been decreed by the court. To charge a woman with living with a man as his wife, though not married to him, is libelous per se (Mooney v. Bennett, 44 App. Div. 433, 60 N. Y. Supp. 1103), and, as such, is presumed to injure the reputation and standing of the person against whom it is made.

It is also suggested that the court erred in refusing to charge certain requests made by the defendant's counsel. We do not think so. The refusal to charge the requests referred to, when read in connection with the charge as made, is not subject to the criticisms put upon them by the appellant's counsel.

On examination of the whole case, we are satisfied that the judgment and order are right, and should be affirmed, with costs. All concur.