(33 Misc. Rep. 622.)

BOSI v. NEW YORK HERALD CO.

(Supreme Court, Special Term, New York County. January, 1901.)

1. LIBEL—COMPLAINT—DEMURRER.
   A demurrer to a complaint in an action for libel on the ground that it fails to state a cause of action only admits the publication and its falsity, but does not admit the truth of an allegation charging it to be libelous.

2. LIBEL OF BUSINESS—SPECIAL DAMAGES—SUFFICIENCY OF COMPLAINT.
   A newspaper publication charged that plaintiff's restaurant and boarding house was a resort for anarchists, and that a prominent anarchist was a guest of honor at a dinner given there, and a picture of the place was given as a resort favored by anarchists. The complaint alleged that plaintiff was thus held up to public scandal and ridicule, and was caused to be shunned by his patrons and neighbors, and was injured in his busi-

ness as a hotel and boarding house proprietor; all to his damage in the sum of $50,000. *Held*, that the complaint did not state a cause of action, since it charged a libel on plaintiff's place of business, and did not contain a sufficient allegation of special damages resulting therefrom necessary to authorize a recovery.

Action for libel by Michele Bosi against the New York Herald Company. Demurrer to complaint sustained.

A. J. Oishei and T. J. O'Neill, for plaintiff.
Jay & Candler, for defendant.

McADAM, J. The defendant, in its newspaper, published the statements that anarchists were seen at the plaintiff's restaurant and boarding house; that the plaintiff's place of carrying on said business was a resort favored by anarchists; that they were in the habit of meeting there, and that a prominent anarchist was a guest of honor at a dinner given at said restaurant; and also published a picture of the plaintiff's place of business, beneath which was printed, "Resort Favored by the New York Anarchists." The action is for libel, and the defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff's allegation that the alleged defamatory matter was published concerning him is not admitted by the demurrer. The defendant, by demurring, admits only the publication and the falsity of the charge. Whether the publication is a libel must be determined by its examination, and not by the averment of the complaint. Fleischmann v. Bennett, 87 N. Y. 231; Wellman v. Publishing Co., 66 Hun, 331, 21 N. Y. Supp. 577; Kennedy v. Publishing Co., 41 Hun, 422; Zinserling v. Journal Co., 26 Misc. Rep. 593, 57 N. Y. Supp. 905. An examination of the publication fails to show any personal reflection on the plaintiff in the conduct of his business or otherwise, or responsibility on his part for the character of his guests. The libel is on the plaintiff's place of business, not on himself; and the rule in such case is that the plaintiff has no action unless he alleges and proves that he has sustained special damages as a necessary or natural consequence of the publication. Tobias v. Harland, 4 Wend. 537; Kennedy v. Publishing Co., 41 Hun, 422; Dooling v. Publishing Co., 144 Mass. 258, 10 N. E. 809; Boynton v. Stocking Co., 146 Mass. 219, 15 N. E. 507; Brentman v. Note (City Ct. N. Y.) 3 N. Y. Supp. 420. The complaint alleges that by reason of the defendant's publication the plaintiff "was held up to public scandal, ridicule, contumely, and disgrace, and was thereby caused to be shunned by his patrons, neighbors, friends, and fellow citizens, and was greatly injured in his business as a hotel, restaurant, and boarding house proprietor; all to his damage in the sum of $50,000." The averment is too general to constitute an allegation of special damage within the authorities. Langdon v. Shearer, 43 App. Div. 607, 60 N. Y. Supp. 193; Hallock v. Miller, 2 Barb. 630; Shipman v. Burrows, 1 Hall, 442; Erwin v. Dezell, 64 Hun, 391, 19 N. Y. Supp. 784; Smid v. Bernard, 31 Misc. Rep. 35, 63 N. Y. Supp. 278; Zinserling v. Journal Co., 26 Misc. Rep. 593, 57 N. Y. Supp. 905.

Demurrer sustained, with costs.