(36 Misc. Rep. 242.)

## VERBECK v. DURYEA.

(Supreme Court, Special Term, New York County. November, 1901.)

1. SLANDER—COMPLAINT—SUFFICIENCY.

    A complaint alleging that defendant furnished a customer with a domestic cabinet, instead of an imported one ordered by him, and in explanation told such customer, who was also a customer of plaintiff, that plaintiff had said that it made no difference about the imported cabinet; to send such customer a domestic one, and that plaintiff would make everything all right with him,—is demurrable, since the language was not slanderous per se, and could not disqualify plaintiff as a house decorator, nor render him less fit for the duties of his employment.

2. SAME—INNUENDO.

    Where the alleged slanderous words are not defamatory, an innuendo cannot enlarge their natural meaning, nor save the complaint from demurrer.

3. SAME—SPECIAL DAMAGES.

    An allegation in a complaint for slander that by reason thereof plaintiff lost contracts and customers, and profits which he would otherwise have made, is too general to entitle plaintiff to recover special damages.

Action by Eugene A. Verbeck against Franklin P. Duryea. Demurrer to the complaint sustained.

Bowen, Breckenridge & Sanford, for plaintiff.
Watson & Kristella, for defendant.

McADAM, J. The complaint alleges that the plaintiff is in the business of decorating and supplying houses with interior furnishings, and has been so engaged for the past 25 years; that prior to January 1, 1900, he was employed by the defendant and one Ellis G. Potter, for whom he estimated on and secured contracts; that he had a number of personal customers, whose business he secured for his employers; that one of plaintiff's personal customers, named Jennings, commissioned defendant to buy a gilt cabinet in Europe for said customer; that defendant sent Jennings a domestic cabinet instead of an imported one; that, when Jennings called on defendant to account for supplying a domestic cabinet instead of an imported one, defendant said to Jennings:

"Mr. Verbeck (meaning the plaintiff) said to our bookkeeper that as there was a domestic cabinet in the store at that time (meaning the time the cabinet was shipped to said Jennings), and the one Mr. Duryea had purchased for Mr. Jennings had not yet arrived, it made no difference to the firm (meaning the said firm of Duryea & Potter) who got the cabinet, and to send Mr. Jennings the domestic cabinet, and send the imported cabinet to Mr. Bellamy (meaning a Mr. Bellamy whom the defendant claims was a customer of his firm); further, that Mr. Verbeck (meaning the plaintiff) would make everything all right with Mr. Jennings (meaning that plaintiff would use his influence with said Jennings to deceive him and to prevent any trouble), as he carried him around in his vest pocket."

Upon the above allegations two causes of action are contained in the complaint, but in the second cause of action the plaintiff's statement as to his damages is a little fuller than that made in connection with the first cause of action. It is obvious that the pleader was in doubt as to whether the first alleged cause of action was

slander per se, and that he endeavored to set up slander with special damage in the second cause of action. Upon either theory the complaint appears to be insufficient. The substance of the alleged slander is that the defendant said that the plaintiff would make everything all right with Mr. Jennings, and that he carried Jennings around in his vest pocket. The natural sense or meaning of these words is that the plaintiff had great influence with Jennings, and would exert that influence to save trouble between the parties. The language is not defamatory. It would not, if true, disqualify the plaintiff, or render him less fit properly to fulfill the duties incident to his employment. Townsh. Sland. & L. (4th Ed.) 237. The plaintiff, however, by way of innuendo, claims that defendant meant that plaintiff would deceive Jennings, and that charging such deceit, in connection with the other averments of the complaint, constitutes slander per se. An innuendo cannot enlarge or extend the natural sense or meaning of alleged defamatory words. Words in themselves innocent cannot be rendered actionable by an innuendo. 13 Enc. Pl. & Prac. 51. "If the words before the innuendo do not sound in slander no words produced by the innuendo will make the action maintainable, for it is not the nature of an innuendo to beget an action." Barham v. Nethersall, Yelv. 22. The plaintiff has also failed to allege a cause of action for slander, with special damage. In connection with the second alleged cause of action he avers: "that by reason thereof plaintiff lost contracts and customers, and has been deprived of business and profits which he could have otherwise made, and was injured in his reputation, to his damage $10,000." This allegation is too general to satisfy legal requirements. Langdon v. Shearer, 43 App. Div. 607, 60 N. Y. Supp. 193; Smid v. Bernard, 31 Misc. Rep. 35, 63 N. Y. Supp. 278; Hallock v. Miller, 2 Barb. 630; Shipman v. Burrows, 1 Hall, 442; Erwin v. Dezell, 64 Hun, 391, 19 N. Y. Supp. 784; Zinserling v. Journal Co., 26 Misc. Rep. 593, 57 N. Y. Supp. 905; Bosi v. Herald Co., 33 Misc. Rep. 622, 68 N. Y. Supp. 898, affirmed in 58 App. Div. 619, 68 N. Y. Supp. 1134. The demurrer must be sustained, with costs.

Demurrer sustained, with costs.