(37 Misc. Rep. 506.)

## LEHMANN v. TRIBUNE ASS'N.

(Supreme Court, Special Term, New York County. March, 1902.)

1. LIBEL—WHAT CONSTITUTES.

A newspaper article alleged that a passenger, who said he was J. L., of New York, was detained by the custom-house inspector on his arrival from Europe, and found to have a considerable amount of jewelry concealed in his clothing; that the only J. L. in the directory in New York was a lawyer having a certain business address. *Held*, though insufficient to charge L. with the crime of smuggling, the article was libelous, as imputing a moral delinquency tending to disgrace him in the community.

2. SAME—COMPLAINT.

A complaint reciting a libelous publication in relation to one J. L., a lawyer, and reciting that it was published concerning plaintiff, that he is a lawyer, and that the allegations are false and the publication is malicious, sufficiently connects J. L. with the article.

3. SAME.

Under Code Civ. Proc. § 535, providing that it is not necessary, in an action for libel, to state any extrinsic fact in order to show that the defamatory matter applied to the plaintiff, but it is sufficient to state that it was published of and concerning him, where the facts alleged in the complaint are not at variance with the allegation that the article was published of and concerning the plaintiff that allegation must, on demurrer to the complaint, be given its full effect as one of fact.

Action by Julius Lehmann against the Tribune Association. Demurrer to complaint overruled.

Julius Lehmann, in pro. per.

Sackett, Bacon & McQuaid (Henry W. Sackett, of counsel), for defendant.

BLANCHARD, J. This is a demurrer to a complaint in an action for libel. The complaint alleges:

That the defendant is a domestic corporation publishing the newspaper known as the "New York Tribune"; that the plaintiff is an attorney at law practicing in the courts of the state of New York and of the United States; that about August 20, 1901, defendant caused to be written, published, and extensively published and circulated, in the New York Tribune, the following article:

"Diamonds in His Clothes. Lining of This Passenger's Suit Held a Rich Collection of Jewelry. Inspector T. J. Donohue, of the customs department, while on duty at Hoboken, watching the passengers who arrived on the Holland-America Line steamship Maasdam yesterday morning, had his attention attracted by a tall, well-dressed man, who seemed uneasy while the customs officers were examining his baggage. When this passenger, who said he was Julius Lehmann, of New York, was about to leave the pier, Donohue informed him that he was wanted in the seizure room. Lehmann offered a mild protest, and expressed a willingness to be searched where he stood; but the inspector insisted, and Lehmann accompanied him to the seizure room. Within the lining of Lehmann's clothing were found a pair of earrings studded with seven diamonds, two brooches studded with thirteen diamonds, four necklaces studded with about twenty diamonds each, and valued at about $500 each, and two long gold watch chains with lockets studded with small diamonds. Lehmann insisted that he purchased the jewelry for his wife and daughters. Inspector Donohue decided to take the jewels to the seizure room in New York. Lehmann was not placed under arrest, but accompanied the in-

spector. The only Julius Lehmann in the New York City Directory is a lawyer with an office at No. 237 Broadway, no house address being given."

That the aforesaid article was published of and concerning the plaintiff, and that it and all the allegations therein were false and defamatory, and were written, printed, and circulated maliciously, and with a wrongful intent of injuring this plaintiff in the community and in his profession, and that by reason of the publication plaintiff was injured in his profession, in his credit and standing in the community.

The defendant, assuming the plaintiff's contention to be that the crime of smuggling or attempting to smuggle is charged against him, contends that the article does not charge the crime referred to, but that, even if it did, plaintiff does not connect himself with it. I am of the opinion that there is no crime charged in the article in question, but there is no need to go into that point, in view of the position assumed by plaintiff,—with which I agree,—that it is not requisite to make out the crime of smuggling, or attempting to smuggle, in order to sustain the complaint. It will suffice if the article tend to diminish the respectability of the plaintiff, and expose him to disgrace, ridicule, or obloquy. Winchell v. Argus Co., 69 Hun, 354, 23 N. Y. Supp. 650; Mooney v. Publishing Co., 48 App. Div. 271, 274, 62 N. Y. Supp. 781; Cooper v. Greeley, 1 Denio, 347; Shelby v. Association, 38 Hun, 474; Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810; Gallagher v. Bryant, 44 App. Div. 527, 60 N. Y. Supp. 844, affirmed in 162 N. Y. 662, 57 N. E. 1110. In this latter case the principle is well stated by Judge Willard Bartlett in the prevailing opinion of the appellate division. He said (page 529, 44 App. Div., and page 845, 60 N. Y. Supp.):

"The learned judge at special term held that the article in question could not be fairly construed as charging the plaintiff with the commission of any crime; but, conceding this view to be correct, it does not follow that the language is not libelous. Language may be libelous, although it imports no criminal offense. It is enough if it is such as to subject the plaintiff to obloquy, reproach, or disgrace."

Giving to the language of the publication its natural meaning, and applying the test stated in More v. Bennett, 48 N. Y. 472 (that is, whether, in the mind of an intelligent man, the terms of the article and the language used import a criminal or disgraceful charge), I think the actions charged against the party who was the subject of the alleged libelous article are a matter of reproach, and impute to him a moral delinquency tending to disgrace him in the community. I therefore conclude that the article is libelous.

The only other question requiring consideration is, assuming the article to be libelous, does it libel the plaintiff? In other words, is the plaintiff connected by the allegations of the complaint with the libelous article? The article states that the passenger "said he was Julius Lehmann, of New York," and that "the only Julius Lehmann in the New York City Directory is a lawyer with an office at No. 237 Broadway." The complaint alleges that plaintiff is a lawyer, but does not allege his office address. The defendant argues that there

may be other lawyers in New York by the name of Julius Lehmann, notwithstanding the alleged libelous article states that there is none other mentioned in the city directory. This might be so, but the plaintiff alleges further that the article was "published of and concerning the plaintiff." The defendant claims that this allegation is not admitted by the demurrer, citing the cases of Bosi v. Herald Co., 33 Misc. Rep. 623, 68 N. Y. Supp. 898; Fleischmann v. Bennett, 87 N. Y. 231; Wellman v. Publishing Co., 66 Hun, 331, 21 N. Y. Supp. 577; Kennedy v. Publishing Co., 41 Hun, 422; Zinserling v. Journal Co., 26 Misc. Rep. 591, 57 N. Y. Supp. 905,—to support his contention. These cases are not authority for the proposition urged. They do not go to that extent. As I interpret their effect, they hold that a cause of action cannot be created by the use of the allegation of publication "of and concerning the plaintiff," but by section 535 of the Code of Civil Procedure these words are given the effect of the allegation of all extrinsic facts showing the application of the alleged libelous article to the plaintiff, and, if the facts alleged are not at variance with the allegation that it was published of and concerning the plaintiff, that allegation must be given its due and proper effect as an allegation of fact. It is only where the facts alleged are at variance with this allegation that they must be disregarded. In this case, however, there are no facts alleged at variance with the allegation that the article was published of and concerning the plaintiff. Holding these views, it follows that the demurrer must be overruled, with leave to plead anew upon payment of costs.

Demurrer overruled, with leave to plead anew upon payment of costs.