WILLIAM RICHTERS, Appellant, v. RICHARD S. NEWCOMBE, District Attorney, Queens County, N. Y., Respondent.— Order denying petition for disinterment of body, and for *post-mortem* examination thereof, affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

PAULA J. RITTER, Respondent, v. NORRISTOWN CORPORATION and Others, Defendants. HANS KLEIN, Appellant.— Order denying, in part, appellant's motion to vacate order for examination before trial affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

RYE BEACH PLEASURE PARK Co., INC., Respondent, v. EVA BROWN GASKINS, Appellant.— Order denying defendant's motion to dismiss complaint reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. (See *Kennedy* v. *Press Publishing Co.*, 41 Hun, 422; *Bosi* v. *New York Herald Co.*, 33 Misc. 622; affd., on opinion below, 58 App. Div. 619; *Maglio* v. *New York Herald Co.*, 93 id. 546.) Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

CHRIST SCHENK and FRED. SCHENK, Appellants, v. MARIE WINTERMEYER FRANZREB, etc., Respondent.— Judgment reversed upon the law and the facts and new trial granted, with costs to appellants to abide the event. Plaintiffs should have been permitted to prove the extent of their occupancy and to establish that their leasehold, with defendant's acquiescence and knowledge, included the small annex referred to as No. 104 Lincoln avenue. They should also have been permitted to show what was meant by the phrase in the lease " seven rooms and store." They were also entitled to the receipt in evidence of the deed to the defendant, the survey and the floor plans. If it shall be found upon the new trial that it was not the intention of the parties to include the small piece characterized as No. 104 Lincoln avenue in the lease and option, then plaintiffs are entitled to a judgment of specific performance for so much of the property as shall be found to have been included in such lease and option. If it shall be found that any portion of the leased property, land or buildings, encroaches upon the public street, the deed, if any, should make proper provision accordingly. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

GIUSEPPE SCOZZARI, Respondent, v. UNITED DISTILLERS COMPANY, Appellant.— Order directing defendant to submit to an examination before trial reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Plaintiff states that he has a cause of action against defendant for an accounting. An examination of the record discloses that if he has any cause of action at all it is one for damages for an alleged breach of contract. All of the facts necessary to enable him to frame a complaint in such an action are evidently well known to him. It appears that he commenced, in New York county, a prior action against defendant for breach of contract, and his pleadings there disclose that he possesses ample information on which to frame his complaint. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.