JOHN J. CONNELLY, Plaintiff, *v.* FRANCIS D. MCKAY, Defendant.

Supreme Court, Special Term, Broome County, June 18, 1941.

*Frank D. Morris,* for the plaintiff.

*Chernin & Gold* [*A. E. Gold* of counsel], for the defendant.

DEYO, J. This is an action for slander. The complaint alleges that the plaintiff maintains a service station and rooming house primarily patronized by truck drivers who are under the jurisdiction of the Interstate Commerce Commission, and charges the defendant with having falsely and maliciously stated " that John J. Connelly was informing the proper Interstate Commerce Commission officials of the names of various truckers and truck drivers who were violating the Interstate Commerce Commission rules and regulations in regard to the number of hours that they worked continuously without rest."

Concededly, the words thus alleged to have been 'spoken are not libelous *per se* and special damages must, therefore, be pleaded. The only allegation of damage is set forth in paragraph " 6 " of the complaint, as follows:

" 6. That by reason thereof, numerous truckers and truck drivers, who had theretofore been accustomed to deal with the plaintiff in his business aforesaid, ceased to deal with him, and plaintiff was thereby deprived of their custom and of the profits which he would otherwise have made by a continuance of such dealing and was otherwise injured in his reputation to his damage in the sum of Five Thousand Dollars ($5,000.00)."

This allegation is insufficient. (*Thorner* v. *Samuels*, 122 Misc. 139; affd., 209 App. Div. 863; *Verbeck* v. *Duryea*, 36 Misc. 242; *Smid* v. *Bernard*, 31 id. 35; Seelman, Law of Libel and Slander in the State of New York, p. 684 *et seq.*) The plaintiff in effect concedes the insufficiency of his complaint in this regard and asks leave to amend. This privilege should be and is ordinarily granted, but in the instant case it appears to the court that such amendment would be but an idle gesture. The language attributed to the defendant cannot under any circumstances be held defamatory, and not being defamatory is not actionable. (Seelman, Law of Libel and Slander in the State of New York, p. 623.) As was said in *Terwilliger* v. *Wands* (17 N. Y. 54, at p. 61): " The words must be defamatory in their nature; and must in fact disparage the character; and this disparagement must be evidenced by some positive loss arising therefrom directly and legitimately as a fair and natural result. In this view of the law words which do not degrade the character do not injure it and cannot occasion loss."

At most the language claimed to have been used accuses the plaintiff of giving information of violations of the law to the proper authorities. Are such acts reprehensible? Is such language defamatory? This court thinks not. It is true that informers are not always held in too high esteem, and violators of the law might have good cause to shun one who engaged in such practice, but, nevertheless, such acts cannot constitute a foundation upon which

to build an action for slander. " The fact that a communication tends to prejudice another in the eyes of even a substantial group is not enough if the group is one whose standards are so anti-social that it is not proper for the courts to recognize them." (Restatement of the Law of Torts, § 559, p. 142.) To hold otherwise would be contrary to the public interest, in that it would penalize the law abiding citizen and give comfort to the law violator. It would impede law enforcement for the benefit of the anti-social.

So far as this court has been able to ascertain, a similar situation has been presented to the courts on but one previous occasion. In *Hallock* v. *Miller* (2 Barb. 630), decided at the Albany General Term in 1848, the plaintiff, an innkeeper, brought an action for slander, charging that the words, " He is engaged in serving writs upon the anti-renters and catching Indians," drove customers from his tavern. In denying a motion to set aside a nonsuit, after pointing out that special damages, although properly alleged, had not been proved, the court said (at p. 632): " I am also inclined to the opinion that the words uttered by the defendant were not actionable, although accompanied by special damage. The words do not import either an illegal or immoral act. * * * It cannot be maintained that an action of slander will lie for speaking words, which charge an act both legal and praiseworthy, although a loss or injury may be the consequence of the words."

Defendant's motion to dismiss the complaint is granted, with costs.