**Robert SAUNDERS, Plaintiff,**

v.

**BOARD OF DIRECTORS, WHYY–TV (CHANNEL 12), Keith Humphrey (sic), Michael Cassidy (sic), and Janie Kashalk (sic), Defendants.**

Superior Court of Delaware, New Castle County.

Submitted Nov. 14, 1977.

Decided Jan. 6, 1978.

Robert Saunders, pro se.

Michael A. Meehan of Richards, Layton & Finger, Wilmington, for defendants.

TAYLOR, Judge.

This matter is before the Court on a motion for summary judgment by the defendants WHYY–TV, Michael Cascio, Keith Humphry and Jane Kashlak.

The plaintiff, Robert Saunders, has filed a complaint alleging that the defendants during a September 27, 1976 WHYY–TV telecast called the plaintiff "an alleged F.B.I. informant." Plaintiff claims that this statement was a "slanderous and willful lie" and that as a result of this statement his life has been placed in danger and he has suffered both physical and mental damage.

In his affidavit, defendant Humphry states that in the morning of September 27, 1976, he became aware that Delaware Attorney General Richard Wier had conducted a search of the Delaware Correctional Center at Smyrna. During the course of the preparation of the broadcast story Humphry spoke to the Attorney General at approximately 1:00 p.m. on September 27, who identified the plaintiff, an inmate at the prison, as an alleged F.B.I. informant.

The alleged defamatory statement was made in a broadcast which related the details of the prison search and referred to a search of plaintiff's effects and characterized plaintiff as "an alleged F.B.I. informant."

On September 30, 1976 plaintiff contacted WHYY–TV and denied that he was an F.B.I. informant. On or about October 1, 1976 defendant Humphry spoke to the Attorney General who stated that he may have been wrong in his statement that plaintiff was an F.B.I. informant. A check with the F.B.I. office in Baltimore confirmed that plaintiff had never been an F.B.I. informant. During the evening telecast of October 4, 1976, Humphry acknowledged that the previous statement had been in error.

The original briefing schedule required the plaintiff to file an answering brief by May 13, 1977. Despite two extensions of time the plaintiff has failed to file such

brief. The motion is being decided upon the material which has been submitted.

■ The Court finds that the statement that plaintiff was an alleged F.B.I. informant is not defamatory.

A statement that a person is an informant of a law enforcement agency does not label one with unlawful or improper conduct. *Danias v. Fakis*, Del.Super., 261 A.2d 529 (1969). "Our society has not [. . .] reached a point where false rumors of a lawful attempt to assist law enforcement agents constitute slander per se." Ibid, p. 531.

In the case of *Connelly v. McKay*, N.Y. Supr., 176 Misc. 685, 28 N.Y.S.2d 327, 329 (1941), the Court said that the accusation that one is an informer is not defamatory.

"It is true that informers are not always held in too high esteem, and violators of the law might have good cause to shun one who engaged in such practice, but, nevertheless, such acts cannot constitute a foundation upon which to build an action for slander. The fact that a communication tends to prejudice another in the eyes of even a substantial group is not enough if the group is one whose standards are so anti-social that it is not proper for the courts to recognise them."

■ It should be noted that the gist of an action for defamation is the injury to reputation. The defamatory statement must expose the plaintiff to public contempt or ridicule in the minds of "right thinking persons" or among "a considerable and respectable class of people." *Lawlor v. Gallagher Presidents' Report, Inc.*, S.D.N.Y., 394 F.Supp. 721 (1975); *Sharratt v. Housing Innovations, Inc.*, Mass.Supr., 365 Mass. 141, 310 N.E.2d 343 (1974).

■ It is true that a charge of informing may bring opprobrium from one's fellow inmates in the prison community. However, it is not one's reputation in a limited community in which attitudes and social values may depart substantially from those prevailing generally which an action for defamation is designed to protect. Moreover, the statement by defendants was made for general consumption by the public and was not directed specifically to the community where plaintiff contends it would be considered defamatory.

■ Defendants also contend that, as a prisoner, the plaintiff is a public figure and thus must prove, in order to recover for a defamatory falsehood, that the statement was made with actual malice—that is, with knowledge that it was false or reckless disregard of whether it was false or not. *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *Curtis Publishing Co. v. Butts (Associated Press v. Walker)*, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094, reh. den. 389 U.S. 889, 88 S.Ct. 11, 19 L.Ed.2d 197 (1967). The test is a subjective one and turns upon a showing that the defendant entertained serious doubts as to the truth of the statement. *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).

In view of the conclusion reached above, it is not necessary to resolve the question of whether the prior publicity which plaintiff had received concerning crimes with which he had been charged placed him in the category of a public figure with respect to which the *New York Times v. Sullivan* standard applies. See *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975); *Anderson v. Stanco Sports Library, Inc.*, 4th Cir., 542 F.2d 638 (1976); *Travers v. Paton*, D.Conn., 261 F.Supp. 110 (1966).

The defendants' motion for summary judgment is granted. IT IS SO ORDERED.