08-2111-cv
Michtavi v. New York Daily News,

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Submitted: October 23, 2009    Decided: November 25, 2009)

Docket No. 08-2111-cv

- - - - - - - - - - - - - - - - - - - -x

SHEMTOV MICHTAVI,

        Plaintiff-Appellant,

    - v.-                                    08-2111-cv

NEW YORK DAILY NEWS, THE POLISH DAILY NEWS,
MATHEW KALMAN, DOES #1-#10

        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

    Before:        JACOBS, Chief Judge, KEARSE, Circuit Judge, and GARDEPHE,[*] District Judge.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sand, J.), dismissing a complaint alleging libel and emotional distress.  The defendant newspapers reported that the

---

[*]Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

plaintiff, who is incarcerated, planned to cooperate with prosecutors. The district court held that the reports could not be defamatory under New York law. We affirm.

Shemtov Michtavi, pro se, White Deer, Pennsylvania, for Appellant.

Marion Bachrachm, Dana Moskowitz, DePetris & Bachrach, LLP, New York, NY; Laura R. Handman, Davis Wright Tremaine LLP, Washington DC; Anne B. Carroll, Deputy General Counsel, Daily News, L.P., New York, NY, for Appellees.

DENNIS JACOBS, Chief Judge:

Shemtov Michtavi, pro se, alleges defamation and intentional infliction of emotional distress based on news reports, published by the New York Daily News and the Polish Daily News, that Michtavi, who is incarcerated, planned to cooperate with prosecutors. Michtavi appeals from the judgment of the United States District Court for the Southern District of New York (Sand, J.) dismissing the complaint for failure to state a claim on which relief could be granted, under Fed. R. Civ. P. 12(b)(6). Michtavi v. New York Daily News, No. 06-Civ-8260, 2008 U.S. Dist. LEXIS 24997, *2-5 (S.D.N.Y. Mar. 12, 2008). The district court held that the reports could not be defamatory under New York

law, and we agree.

**I**

Michtavi is serving a twenty-year prison sentence for narcotics offenses. In March 2006, the defendant newspapers reported [i] that he was a "key lieutenant" of Ze'ev Rosenstein, an organized crime figure, and [ii] that Michtavi planned to cooperate with prosecutors and testify against Rosenstein. Id. at *1-2.

Michtavi, a citizen of Israel, invoked diversity jurisdiction. This matter is governed by New York law.

Michtavi does not contest on appeal the dismissal of any claim stemming from the statement that he was a "key lieutenant" of Rosenstein. Any such claim is waived. Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998). Michtavi's remaining claim, stemming from the report that he planned to cooperate with the authorities, fails on the ground that the statement is, as a matter of law, not defamatory.

**II**

"Whether particular words are defamatory presents a legal question to be resolved by the court in the first instance." See Aronson v. Wiersma, 65 N.Y.2d 592, 594 (N.Y.

3

1985).  Under New York law, a statement is defamatory only if it would expose an individual to shame "in the minds of right-thinking persons."  Kimmerle v. New York Evening Journal, Inc., 186 N.E. 217, 218 (N.Y. 1933); see also Celle v. Filipino Reporter Enters., 209 F.3d 163, 177 (2d Cir. 2000).  It is becoming increasingly hard to ascertain as a matter of law what a right-thinking person would think, and the line of cases has drawn some scholarly criticism.  See, e.g., Lyrissa Barnett Lidsky, Defamation, Reputation, and the Myth of Community, 71 Wash. L. Rev. 1, 20-28 (1996).

To test for defamation, courts construe the words "as they would be read and understood by the public to which they are addressed."  November v. Time, Inc., 194 N.E.2d 126, 128 (N.Y. 1963).  The newspapers may not have been addressed specifically to the prison population, but that is clearly the group whose good opinion matters to Michtavi.  However, "[t]he fact that a communication tends to prejudice another in the eyes of even a substantial group is not enough [to make the statement defamatory] if the group is one whose standards are so anti-social that it is not proper for the courts to recognize them."  Restatement (Second) of Torts § 559, cmt. e (1977).

The population of right-thinking persons unambiguously excludes "those who would think ill of one who legitimately cooperates with law enforcement." Agnant v. Shakur, 30 F. Supp. 2d 420, 424 (S.D.N.Y. 1998) (Mukasey, J.) (noting that every American court surveyed has held that identifying someone as a government informant is not defamatory as a matter of law); see also Connelly v. McKay, 28 N.Y.S.2d 327, 329-30 (Sup. Ct. N.Y. County 1941) ("At most the language claimed to have been used accuses the plaintiff of giving information of violations of the law to the proper authorities. Are such acts reprehensible? Is such language defamatory? This court thinks not.").

We therefore agree with the district court that as a matter of law the defendants' reports were not defamatory. Michtavi's other arguments are likewise without merit. For the foregoing reasons, we affirm.