IDA C. SORENSEN, Respondent, *v.* SIEGBERT BALABAN, Appellant.

*Malpractice, resulting in the death of an infant — recovery by the mother for loss of services, but not for the death — maligning of the memory of a deceased relative, not actionable — appeal without an exception.*

No action lies in favor of a mother against a physician for damages occasioned to her through the death of her infant child by reason of the physician's malpractice, unless it be for the loss of the services of the child during the illness caused thereby.

No action lies by a mother for the recovery of damages sustained by her by reason of her dead child's character being maligned.

Upon an appeal as well from an order denying a new trial as from a judgment, it is within the discretionary power of the Appellate Division to take notice of an error committed on the trial, although no exception was taken thereto.

APPEAL by the defendant, Siegbert Balaban, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 6th day of June, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Queens, and also from an order entered in said clerk's office on the 8th day of June, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Stephen C. Baldwin,* for the appellant.

*Herbert Kettell* and *J. Edward Swanstrom,* for the respondent.

CULLEN, J.:

The plaintiff was the mother of one Clara O. Nelson, now deceased. The deceased was an infant, unmarried, in the service of her mother, her father being dead. The defendant is ·a physician and attended said Clara in her last illness. The action is brought on substantially two causes of action. The first charges the defendant with malpractice in his attendance on the patient, by reason of which said Clara died. The second cause of action charges that, after the death of Clara O. Nelson, the defendant maligned her memory by repeating to the plaintiff, and to divers other persons, a false, untrue and malicious charge that the said Clara had been pregnant and had had a miscarriage. The plaintiff recovered a verdict for $5,000.

It clearly was the rule at common law that no civil action would lie for causing the death of a human being. (Cooley on Torts, *262.) While a husband or parent might maintain an action for a wrong causing loss of services from a wife or child, if the injury resulted in death, this could not, at the common law, be taken into account either as a ground of action or as an aggravation of damages, and the plaintiff's recovery would be limited to loss of service intermediate the injury and the death. (Cooley on Torts, *226.) The exact question was determined by the Court of Appeals in *Green* v. *Hudson River R. R. Co.* (2 Abb. Ct. App. Dec. 277). Since the time of that decision, I cannot find that there has ever been in this State a contention for the contrary rule. Of course, for many years the statute has prescribed a remedy for such wrongs. An action for a wrongful act causing the death of any person may be maintained by the executor or administrator of such person for the benefit of his next of kin. (Code Civ. Proc. § 1902.) The plaintiff, however, has not brought this action in such capacity. But, though the trial court erred in assuming that the plaintiff could maintain an action for the death of her daughter, still there was enough in the complaint and in the evidence to show that the daughter was sick for some few days prior to her decease. For loss of services during this period and the expense of care and attendance during the like time, the plaintiff was entitled to recover. Therefore, the defendant's motion to dismiss the complaint as to this cause of action was properly denied. When the cause was submitted to the jury, the court charged that

the plaintiff could recover for loss of the services of her daughter from her daughter's death to the time she would have arrived at the age of twenty-one years. The defendant asked the court to charge that the plaintiff could not recover damages for the death of the deceased. The court charged this, "except so far as she loses her personal services." This qualification was error. The plaintiff could not recover any damages caused by the daughter's death. She could recover, as already stated, for loss of service during the period the daughter was ill, but such damages were damages not resulting from the death, but from the malpractice. I can find no exception to the failure of the court to charge as requested. As the appeal before us is not only from the judgment, but also from the order denying defendant's motion for a new trial, it is within our discretion to take notice of the error, though without exception.

This brings us to the question whether the second cause of action stated in the complaint is a good cause of action which the plaintiff can maintain. The action is for damages suffered by a living person from maligning the memory of a deceased relative. No authority for the maintenance of such an action is to be found. As stated by the counsel for the respondent, the lack of precedent is not necessarily conclusive that such an action cannot be sustained, but certainly it militates strongly against the proposition. I think, too, that an analysis of the character of an action for slander will show that on principle no such action as the present one can be supported.

Mr. Cooley says of slander and libel (Cooley on Torts, *193): " In a legal sense, there is no wrong until the defamatory charge or representation is given to the world. This is done when it is put before one or more third persons; it is then said to be published. To say to a man's face any evil thing concerning him is no defamation; for though it may be annoying, aggravating and possibly injurious to him in its effect upon his mind and indirectly upon his business, still there is as yet no publication, and consequently nothing to affect the party's reputation. The reputation is not assailed and cannot presumably be injured when the false charge is made to the party himself. If the party who is thus falsely accused repeats it to others by way of complaint or otherwise, it may then become public, but it is still no slander because the publication is not made by the defamer."

It will be thus seen that the action of slander is not to redress or

punish the indignity or outrage on one's feelings when he is falsely charged with an offense, but to redress his reputation or character with others. So in *Wilson* v. *Goit* (17 N. Y. 442) it was said : " We were of opinion that the law gave this action only for an injury to the plaintiff's reputation, and that the pecuniary loss which is required to be shown, where the words' are not actionable *per se*, must be the effect of the injurious imputation upon other persons than the party bringing the action. The bodily disability of the party thus slandered, through the effect of the slander upon his mind, was not, as we thought, the natural and legal consequence of such an injury. * * * But an action of slander which is allowed solely for the vindication of an injured reputation would plainly be perverted if used as a means of punishment where the slanderous words were not actionable in themselves, and were not credited by any individual, and where the plaintiff's character had not suffered in the slightest degree." So far, therefore, as a false aspersion on her daughter's memory, made to the plaintiff, was an insult and an outrage upon the mother's feelings, it could no more give the plaintiff a right of action than if the defendant had aspersed to the plaintiff her own character. It would seem plain that the imputation on the character of the daughter did not necessarily or naturally affect the reputation or character of the plaintiff, and as it is only injury to reputation which gives a right of action, it is apparent that the present action in this respect cannot be maintained.

Nor are we wholly wanting in authority on this subject. It is asserted in Newell on Defamation (p. 369) : " The fact that an infant has been defamed gives his parents no right of action, unless in some very exceptional case it deprives the parent of services which the infant formerly rendered, in which case an action on the case may lie for the special damage thus wrongfully inflicted, provided it be the natural and probable consequence of the defendant's words." (To the same effect see Odgers* on Lib. & Sland. 406.) Of course, there could be no loss of service here, because the infant was already deceased. The only redress for slander is a civil action. A libel, however, both at common law and under our statute, is a crime, and for it the offender may be prosecuted civilly or criminally. Also, both at common law and by the Penal Code (§ 242) a libel upon the

---

*Third edition, page 425.— [REP.

memory of the dead is punishable as a crime. Speaking of this rule Mr. Odgers says: " The criminal remedy for libel as it is the earlier so it is, in some respects, the more extensive remedy; a libel may be indictable though it be not actionable. Thus, in neither of the above cases (a libel upon a deceased person) would an action lie for want of a proper plaintiff." The objection that there could not be a proper plaintiff in a civil action for a libel on a deceased person would seem equally applicable to an action for slander. We are, therefore, of the opinion that such an action will not lie. The question is properly raised by the record. The defendant's counsel asked the court to charge that the plaintiff could not recover for maligning the memory of the deceased. This the court refused, and to such refusal the defendant excepted.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.

