CRIBBS *v.* YORE.

SLANDER—DAMAGES—INJURIES TO FEELINGS.

> Act No. 216, Pub. Acts 1895, § 1, which provides that, in actions for slander, only actual damages to property, business, or feelings are recoverable, did not abrogate the common-law rule that damages for injuries to feelings are recoverable as general damages, without being specially pleaded or proved.

Error to Berrien; Coolidge, J.   Submitted October 6, 1898.   Decided January 20, 1899.

Case by Eugene W. Cribbs against Patrick Yore for slander.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*W. C. Hicks* and *O'Hara & O'Hara*, for appellant.

*N. A. Hamilton*, for appellee.

HOOKER, J.   The defendant, in presence of others, said to the plaintiff, "You thief; you d——n thief; you are a thief, and I can prove it."   Being held liable in an action

for slander, the defendant has brought error, and the brief of his counsel states that there are but two points to be considered:

1. That the declaration sets forth no cause of action, and therefore no testimony should have been admitted against the defendant's objection, and his request to direct a verdict for the defendant should have been given.

2. That there was neither allegation nor proof of injury to feelings, and the court should have directed a verdict for the defendant, and not have allowed the jury to find a verdict upon the ground of injury to the plaintiff's feelings.

These contentions are based on section 1, Act No. 216, Pub. Acts 1895, which reads as follows, viz.:

"*The People of the State of Michigan enact*, that in suits brought for the recovery of damages for libel or slander in this State, the plaintiff shall be entitled to recover only such actual damages as he may have suffered in respect to his property, business, trade, profession, occupation, or feelings."

The declaration concludes with the averment:

"By reason of the speaking, publishing, and uttering of which said false, scandalous, malicious, and defamatory words, the said plaintiff is greatly prejudiced in his good name, fame, credit, and reputation; wherefore the said plaintiff says that he is injured and has sustained damage to the amount of $5,000, and therefore the said plaintiff brings suit," etc.

The testimony showed that the language complained of was used boisterously, several times, and in the presence of several persons. The learned circuit judge held the allegation sufficient, and that the jury might infer injury to feelings from the testimony stated.

Injury to feelings has always been included among the things for which general damages are recoverable, and no special allegation has been considered necessary. A statement of the slander, with a general *ad damnum* clause, was sufficient. And the law presumed the injury to the feelings from the proof of the slander, and the jury were allowed to determine the amount of the damage without

opinion evidence thereon. ·These things are not changed by the statute. It is not necessary to specially plead injury to the feelings, nor does the law require proof beyond the proof of the slander before it will presume injury to the feelings.

We find no error in the record, and the judgment is affirmed.

The other Justices concurred.