(74 Misc. Rep. 622.)

### GARRISON v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Special Term, New York County. December, 1911.)

1. LIBEL AND SLANDER (§ 7*)—WORDS EXPOSING TO CONTEMPT.

    It is not libel per se of a man to publish concerning him the unchastity of his wife.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 17–78; Dec. Dig. § 7.*]

2. HUSBAND AND WIFE (§ 209*)—ACTION BY HUSBAND—INJURIES TO WIFE—PUBLICATION OF LIBEL.

    A husband may sue to recover damages for the loss of his wife's services by reason of her having been made ill by the publication of a libel concerning her.

    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 766–773; Dec. Dig. § 209.*]

Action by George E. Garrison against the Sun Printing & Publishing Association. Demurrer to complaint overruled.

See, also, 144 App. Div. 428, 129 N. Y. Supp. 448.

Herbert H. Gibbs, for plaintiff.
Shearman & Sterling, for defendant.

GREENBAUM, J. Defendant demurs to the first and second causes of action alleged in plaintiff's second amended complaint for insufficiency.

In the first cause of action plaintiff alleges the false publication in defendant's newspaper of an article which in effect stated that plaintiff's wife had deserted her home in Newark, N. J., at the same time that one Archer, an alleged forger, had disappeared from Newark after indictments for forgeries had been found against him; that later the plaintiff's wife wrote from Denver, Colo., to the plaintiff that she had been deserted, and asking for forgiveness; that plaintiff thereupon sent her money to enable her to return, and that she thereafter returned to her home; that plaintiff's wife disappeared a second time, and later was heard from as being with Archer on the Pacific Coast, and there living with him as his wife. It is further alleged, by way of innuendo, that defendant meant it to be understood "that plaintiff was the husband of a woman who had committed adultery," and that the publication was so understood by the readers of defendant's newspaper; that, by reason of said publication, plaintiff "had been brought into public scorn, scandal, infamy, contempt, and obloquy" as "the patient, long-suffering, forgiving, and consenting husband of a bad, unfaithful, and adulterous woman," and as "a shameless, contemptible, and cowardly husband." It is also alleged that by reason of the foregoing matters "plaintiff had been, and still is, shunned and avoided by his neighbors, friends, associates, and acquaintances, * * * and injured in his good name, fame, and credit," and that he "has been deprived of tenants of his house at No. 436 Sumner avenue, in the city of Newark, N. J., and has lost the rent of apartments in said house for several

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

months, and sundry persons have refused to become tenants of plaintiff's said house."

[1] It will be observed that in the first cause of action the plaintiff attempts to plead a libel per se upon himself, and also a libel resting upon special damages sustained by him. I do not think that the facts alleged justify the conclusion of a libel per se upon plaintiff. The husband's forgiveness of an unfaithful wife and extending to her his aid and protection are acts of courage and manliness which will not be considered by right thinking men and women as holding him up to public scorn, contempt, or infamy. The only case to which my attention has been directed by the plaintiff which to my mind at all approaches the question here discussed is Shelby v. Sun Printing & P. Co., 38 Hun, 474, where it was held that the publication of the plaintiff in the defendant's newspaper that she was an illegitimate child was libelous per se. It was urged in that case, as it is here, that there was no charge made against plaintiff involving her morality, inasmuch as her illegitimacy was a circumstance over which she had no control. But the court properly recognized in that case the unfortunate fact that in the estimation of mankind the assertion of illegitimacy of a person is a reproach, "which might in all probability frequently subject the person of whom it is said to contumely, to indignity and perhaps to insult." I cannot believe that the reputation, character, standing, or business interests of the plaintiff could suffer by reason of the libelous publication against his wife or of the publication of his commendable acts of forgiveness. Wellman v. Sun Printing & Pub. Co., 66 Hun, 331, 21 N. Y. Supp. 577. It therefore follows that as a libel per se the complaint fails to state a cause of action. If it be sought to uphold a cause of action because of the allegation of special damages, it seems to me sufficient to state that loss of rentals of the house, in which it is not even alleged he had been living with his wife, is so remote that it may not be said to be the natural and proximate consequence of the acts complained of. Wellman v. Sun Printing & Pub. Co., supra. The demurrer to the first cause of action must be sustained.

[2] The second cause of action presents an entirely different question from that involved in the first. It is therein alleged that, by reason of the publication in question, the plaintiff's wife "was shocked and distressed and became and is now ill and sick, and was and is now physically and mentally disordered and distressed, and for a long time was wholly unable to perform her duties as plaintiff's housekeeper and as plaintiff's wife, and is not now and * * * will not for a long time to come be as well and strong and able to perform her said duties as before the printing, publication and circulation of said * * * article," and that plaintiff has been deprived of the services and society of his wife, and was obliged to spend large sums of money in employing medical aid and attendance in her care and attempted cure. The publication alleged is clearly libelous per se of the wife, and in an action against the defendant she would be entitled to recover as part of her general damage compensation for her mental suffering and distress of mind caused thereby. Hamilton v. Eno, 16 Hun, 599,

affirmed 81 N. Y. 116; Ward v. Deane, 10 N. Y. Supp. 421[1]; Palmer v. New York News Pub. Co., 31 App. Div. 210, 52 N. Y. Supp. 539; Chesley v. Thompson, 137 Mass. 136; Cribbs v. Yore, 119 Mich. 237, 77 N. W. 927; Butler v. Barrett (C. C.) 130 Fed. 944, 949; Butler v. Hoboken Printing & Pub. Co., 73 N. J. Law, 45, 62 Atl. 272.

In Butler v. Barrett, supra, where the publication charged that the plaintiff, a woman, had been convicted of theft committed for the purpose of obtaining money to purchase cocaine, and had been fined $25 and committed to jail in default of the payment thereof, it is said:

"* * * Injury to the feelings as a matter of common experience is one of the most immediate, as it is one of the keenest, of such a libelous article, and it may be therefore taken into consideration by the jury simply from their general knowledge."

Pain and anguish suffered by the wife being the immediate and natural result of a publication libelous per se, it follows that the inability of the wife to perform her household duties and the loss of her society must be considered as a direct and proximate result of the mental pain and anguish caused by the publication. Loss of consortium constitutes special damage and is sufficient to sustain the action. Odgers, Sland. & Lib. 356; Bower, Defamation, 37, 38.

The cases cited and relied upon by the defendant are readily distinguishable. Terwilliger v. Wands, 17 N. Y. 54, 72 Am. Dec. 420, and Wilson v. Goit, 17 N. Y. 442, were actions to recover for slander in imputing unchastity to a female. Both of these actions arose prior to the enactment of the statute making the utterance of such words slanderous per se. The rationale of these decisions is simply that mental pain and distress and illness or loss of services resulting therefrom are not, standing alone, such special damages as are sufficient to support an action.

This principle is carefully limited in the foregoing cases to words which are not slanderous per se. Where the words are of the latter character, it is indicated that a different rule might apply and recovery for such damages permitted as directly flow from the wrongful defamation. This distinction is clearly pointed out in Butler v. Hoboken Printing & Pub. Co., supra, where many authorities upon this question are reviewed.

The demurrer to the second cause of action is overruled, with costs, and with leave to answer upon the payment of costs.

Demurrer overruled, with costs, with leave to answer upon payment of costs.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 57 Hun, 585.