SANFORD v. HOUGHTON.

1. TRIAL — EXAMINATION OF PARTY — CROSS-EXAMINATION — RE-CALLING WITNESS—DISCRETION OF TRIAL COURT.

In the course of the trial of an action of slander, after plaintiff had been examined, and defendant had waived cross-examination, and following the testimony of another witness, it was within the discretion of the trial court to permit plaintiff's attorney to recall and re-examine the plaintiff.

2. LIBEL AND SLANDER—EVIDENCE—DAMAGES—FEELINGS.

Plaintiff, in a slander suit, who alleged damages to her feelings, was not improperly permitted to describe the effect of alleged slanderous statements upon her feelings.

3. SAME—EVIDENCE—MALICE.

Counsel for plaintiff was also correctly permitted to offer in evidence other slanderous statements made about the time of the alleged wrongful acts, as tending to show the malice of the defendant.

4. SAME—EVIDENCE—TESTIMONY AS TO WEALTH OF DEFENDANT.

Where a witness for the plaintiff testified in relation to the reputed wealth of defendant, and his testimony tended

to show what the reputation of defendant was in this particular, the objection that certain of the questions and answers, disconnected from the remaining testimony of the witness, related to the defendant's actual wealth rather than his reputation therefor was not tenable as ground for reversal.

5. SAME—DISPUTE—IMMATERIAL EVIDENCE.

nder a plea of the general issue, the defendant was not authorized, in attempting to show that the subject-matter of dispute between himself and plaintiff, at the time the alleged slanderous words were uttered, lay on his property and that it belonged to him; the evidence was also inadmissible for the purpose of mitigating damages, defendant having testified on his examination relative . to the ownership and status of the property.

Error to Livingston; Miner, J. Submitted October 12, 1914. (Docket No. 72.) Decided January 4, 1915.

Case by Mildred Sanford against James Houghton for slander. Judgment for plaintiff. Defendant brings error. Affirmed.

*W. P. Van Winkle & Son* and *A. L. Chandler,* for appellant.

*Louis E. Howlett* and *E. A. & L. E. Stowe,* for appellee.

MOORE, J. This is an action of trespass on the case to recover damages for slander. The case was tried by a jury, which returned a verdict in favor of the plaintiff for $325. A motion was made for a new trial, which motion was overruled; the trial court filing written reasons for so. doing. The case is brought here by writ of error.

The only errors relied upon which call for discussion are grouped by counsel for appellant as follows:

"(1) Error in permitting the plaintiff to be recalled for further direct examination after cross-ex-

amination had been waived and in refusing to strike out this evidence.

"(2) Error in permitting the plaintiff to describe how the alleged slanderous words affected her feelings.

"(3) Error in the admission of testimony relative to alleged statements of the defendant showing malice.

"(4) Error in the admission of evidence relative to the financial standing of the defendant."

(5) Rulings in relation to testimony.

Taking these up in the order presented:

1. The plaintiff was a witness in her own behalf. She was examined in chief. Counsel for defendant waived cross-examination. Albert Tumser was next called as a witness. He gave his version of the conversation which is the basis of the suit. After he left the stand counsel for plaintiff recalled the plaintiff for further examination. This is said to be error. We think this well within the discretion of the trial judge. Green's Michigan Practice, § 897.

2. This group of assignments of error is not well taken. *Farrand* v. *Aldrich,* 85 Mich. 593 (48 N. W. 628); *Cribbs* v. *Yore,* 119 Mich. 237 (77 N. W. 927); *McArthur* v. *Sault News Co.,* 148 Mich. 556 (112 N. W. 126).

3. Relates to the testimony of witnesses Cole and Hoyt of prior statements made by defendant concerning plaintiff, bearing upon the question of malice. Counsel say:

"In the present case the words admitted to show malice were not a part of the *res gestæ;* they were not a part of the same transaction; they did not lead up to the words charged in the declaration, and we maintain were incompetent in the case."

The ruling of the court was justified by *Randall* v. *News Association,* 97 Mich. 136 (56 N. W. 361); 25 Cyc. p. 396, and notes; Newell on Slander and Libel, p. 331.

4. We quote from the brief of counsel for appellant:

"The fifth, sixth, and seventh assignments of error are directed to questions and answers of plaintiff's witness, Handy, regarding the financial standing of defendant. This court has repeatedly held that the defendant's reputed wealth may be shown in slander suits, and we do not desire to question that rule. But we do maintain and argue that it was not reputed wealth that witness Handy was testifying to in this case. His whole knowledge, according to his own admissions, was what he knew himself and not what he had heard people say."

This contention is not sustained, except by reading one or two questions and answers of the witness, isolated from the rest of this testimony. His testimony, read as an entirety, shows that it was within the rulings of this court. See *Botsford* v. *Chase*, 108 Mich. 432 (66 N. W. 325); *Loranger* v. *Loranger*, 115 Mich. 681 (74 N. W. 228); *Derham* v. *Derham*, 125 Mich. 109 (83 N. W. 1005).

5. We again quote from the brief of counsel:

"The defendant in this case sought to give in evidence facts tending to show where the rails, over which the dispute arose, were located, whose land they were on, and who they belonged to, and the reasons for these conclusions.

"This evidence on the part of the defendant was offered for two purposes: First, to show a qualified privilege on the part of the defendant; and, second, to show want of malice, and thus mitigate damages. It was first offered to show a qualified privilege on the part of the defendant, and, when the court refused to receive it for that purpose, it was then offered, said offer being refused, for the purpose of mitigating damages."

The plea of the defendant was the general issue and nothing more.

The defendant was allowed to testify and did testify:

"They [the rails] were on the north side of the line that they established on my side; the rails was. At the time of this alleged occurrence, I claimed to be the owner of these rails which were upon my side of the line established by the lawsuit. I can point out on defendant's exhibit one the place where Mrs. Sanford and I were when this altercation occurred. It was two or three rods north of the 80-rod post, the line established by the court, and about 90 rods from the road, and about half a rod north of the line established by that judgment. On this day I claimed the old rails, and I knew they (the Sanfords) claimed them."

We think that in view of the pleadings, if any one is justified in complaining of the rulings in relation to the admission of testimony, it is not the defendant. We find no reversible error.

The judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, BIRD, and STEERE, JJ., concurred. MCALVAY and OSTRANDER, JJ., concurred in the result.