## DARLING v. MANSFIELD.

1. LIBEL AND SLANDER—EVIDENCE—DEFENDANT'S REPUTED WEALTH.
   In an action for slander, testimony of defendant's reputed wealth was admissible as bearing on the weight and credence that the community might give to his utterances.

2. APPEAL AND ERROR—EVIDENCE AS TO MEMBERSHIP IN FRATERNAL ORDER.
   In an action for slander, the admission of testimony by witnesses as to their membership in a certain fraternal order, given mostly for the purpose of showing why they visited and talked with defendant about the alleged slanderous utterances, held, not harmful error.

3. LIBEL AND SLANDER—MITIGATION OF DAMAGES—REPETITION OF SLANDER BY OTHERS NO DEFENSE.
   It is no defense, and cannot mitigate damages, in an action for slander, to show that others uttered the same slander or that it was common talk.

4. SAME—EVIDENCE—MITIGATION OF DAMAGES — REPEATING SLANDEROUS GOSSIP.
   In an action for slander, it may be shown, in mitigation of damages and to rebut the presumption of malice, that

On liability of one responsible for original libel or slander for its repetition by third persons, see note in 16 A. L. R. 726.

the slanderous talk was current in the community before the utterance thereof by defendant, and that it had come to his knowledge and that he believed it, and repeated it only as gossip or rumor.

Error to Newaygo; Barton (Joseph), J.  Submitted February 1, 1923.  (Docket No. 164.)  Decided March 22, 1923.

Case by Lawrence Darling against Adelbert Mansfield for slander.  Judgment for plaintiff.  Defendant brings error.  Reversed.

*H. Monroe Dunham,* for appellant.

*William J. Branstrom,* for appellee.

WIEST, C. J.  This is an action of slander.  It is claimed defendant charged plaintiff with the crime of incest with his sister.  The specific language is not necessary to decision and is, therefore, omitted.  At the trial testimony was permitted to be given of the general reputation of the wealth of defendant.  The court instructed the jury that:

"The wealth or property possessed by this defendant is permitted in here only as bearing on the weight and credence that the community in hearing these things might give to his utterances."

Counsel for defendant claims it was error to permit such testimony of reputed wealth.  It would not have been competent to show defendant's actual wealth.  *McCloy* v. *Vaughan,* 185 Mich. 189.  It was proper to show his reputed financial standing for the purpose stated in the instruction.  *McCloy* v. *Vaughan, supra; Brown* v. *Barnes,* 39 Mich. 211 (33 Am. Rep. 375); *Botsford* v. *Chase,* 108 Mich. 432; *Sanford* v. *Houghton,* 184 Mich. 44.

Under the plea of the general issue defendant gave notice that one Preston, of the township of Dayton,

Newaygo county, came to defendant in the interest and behalf of the Odd Fellows lodge, of which organization plaintiff and defendant were members, and asked him in confidence about the matter in suit and he informed him of what he had heard. At the trial witnesses were permitted to testify to their membership in the order of Odd Fellows, and that plaintiff had made some progress in joining the order. Most of such testimony was given to show why the witnesses visited and talked with defendant about the alleged slanderous utterances. We are not persuaded of any harmful error in this.

Complaint is made because a witness was asked whether the mother of plaintiff was a "Sister Rebecca." The question was not answered. Counsel for defendant offered to show common report of plaintiff's improper relations with his sister, by statements claimed to have been made by the sister to schoolmates four or five years before the trial, and the spread of the story; that it was considered by him and others as idle gossip and as such repeated by him without malice. The court held such defense inadmissible and that the slanderous statements made by defendant were actionable *per se* and limited defendant to justification of his utterances. Thereupon defendant rested his case without any testimony.

Defendant's requests to charge also bring up the question of the right of defendant to show that he repeated common rumor. Was defendant entitled to show, in mitigation of damages and to rebut malice, that he was not the originator of the slander but only repeated long-standing, common rumor or gossip? It is no defense and cannot mitigate damages to show that others uttered the same slander or that it was common talk. It may be shown in mitigation of damages, however, that the common talk came to the knowledge of defendant before he uttered the slander

and he believed it and did no more than repeat what he had heard.    It cannot, however, constitute justification; it may mitigate damages; it may rebut the legal presumption attending a charge actionable *per se*, but it cannot affect malice in fact.    We find in counsel's statement to the jury of what he expected to prove, the following:

"We will show you that as far back as four or five years ago that Mr. Mansfield had heard it the same as all the other neighbors in that vicinity."

It is not quite clear, but we assume that this related to what, it is claimed, had been stated by Mike Donohue and the incident of plaintiff's father seeking explanation from Mr. Donohue, but, be that as it may, defendant's claim was that he only repeated the Donohue statement and that such statement was common rumor of long standing to his knowledge.    If the alleged slanderous matter was current in that community before the utterance thereof by defendant, and had come to his knowledge, and he believed the same true, and he only repeated the same as gossip or rumor, then he had a right to make such a showing in mitigation of damages, but for no other purpose.    *Farr* v. *Rasco*, 9 Mich. 353 (80 Am. Dec. 88) ; *Wolff* v. *Smith*, 112 Mich. 359; *Brewer* v. *Chase*, 121 Mich. 526 (46 L. R. A. 397, 80 Am. St. Rep. 527). Defendant should have been permitted to show, in mitigation of damages and to rebut the presumption of malice, what he had heard by way of common rumor before he uttered the slander and that, if such be the case, he believed the charge he so made to be true.

For the error pointed out the judgment is reversed and a new trial granted, with costs to defendant.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.