JULIA EAGLES and Another, Plaintiffs, *v.* LIBERTY WEEKLY, INC., and Others, Defendants.*

Supreme Court, New York County, June 3, 1930.

*O'Brien, Malevinsky & Driscoll,* for the motion.

*De Witt & Van Aken,* opposed.

VALENTE, J.   Plaintiffs, mother and sister of the deceased, seek to restrain the publication in a popular magazine of certain alleged libelous articles regarding their late kin.   The motion must be denied.   Four installments have already been printed at a very large expense, and it appears from the papers before me that to grant the plaintiffs an injunction at this time would cause defendant great loss.   While this consideration would not be controlling, if the right of plaintiffs to an injunction were clear, this is not, to my mind, such a case.   Even if it should be granted that an action to restrain a threatened libel might lie, there is no clear evidence of injury to plaintiffs themselves by reason of the defamation of the deceased. The maligning of the memory of a deceased person, while a subject of criminal prosecution, does not give a cause of action for damages in favor of relatives, where it does not affect their reputation. (37 C. J. 11; *Sorensen* v. *Balaban,* 11 App. Div. 164; *Wellman* v. *Sun Printing & Pub. Co.,* 66 Hun, 331.)   I regret to be compelled to deny this motion as a matter of law.

* Subsequent to this decision the action was discontinued by counsel.