VERA CLERE, Plaintiff, *v.* E. W. EDWARDS & SON, Defendant.

Supreme Court, Special Term, Kings County, November 4, 1937.

*Vera Clere, in pro per.*

*Costello, Cooney & Fearon,* for the defendant.

DODD, J. The plaintiff acting in person, as she has a right to do, moves for an injunction to restrain the defendant from using

the name of her deceased father in ways which she claims are libelous and injurious to his memory. Mr. Thomas H. Clere, a highly respected citizen of Syracuse, N. Y., died on September 8, 1929, leaving a widow and three daughters surviving him. It appears that some time in 1931, almost two years after Mr. Clere's death, Mrs. Clere stored some furs with the defendant. In April, 1934, the defendant or its attorneys sent a letter addressed to " Mr. T. H. Clere " with a notice of lien. The Misses Hazel and Vera Clere sent letters of protest to the attorneys for the defendant, copies of which are attached to the moving papers. The next day the said attorneys replied that the storage receipt was in the name of plaintiff's father, and that was the reason the notice was sent in his name, disclaiming any intention of causing undue publicity or troubling his estate. Some further correspondence passed between the daughters and the defendant's attorneys relating to the payment of the storage charges. The negotiations were apparently unsuccessful, for a notice of sale was published in a Syracuse newspaper giving notice that on May 29, 1934, certain furs would be sold at the place of business of the defendant " held for the account of T. H. Clere, 460 West 24th Street, New York City." The furs were sold. In 1937 Mrs. Clere instituted an action in the Supreme Court, New York county, against the defendant for conversion. The answer, a copy of which is attached to the moving papers, interposes a general denial and a separate, distinct, complete and affirmative defense, which reads in part: " 2. That on January 1, 1932, one Mr. T. H. Clere or his duly authorized agent delivered to the defendant one Jap Mink coat, one Seal Coat and one Seal Muff for storage in defendant's fur storage department, and that the defendant duly issued a storage receipt No. 1311 in the name of said Mr. T. H. Clere."

The said defense goes on to allege that demand was duly made for the storage charges; that the same had not been paid except a small sum; that the furs had been sold pursuant to the General Business Law, and that the lien was partially satisfied.

It is to this action which the plaintiff herein refers in her moving affidavit, in which she recites: That " these false claims, publications, affidavits and statements of defendant containing the name of ' T. H. Clere ' defendant has made since December, 1933, and continues to make, up to and including the present date and has given notice of plan to elaborate upon, in a case in open court before a jury on or about November 8, 1937 in which case deponent has no connection as the claimed action took place two and a half years or more after the death of T. H. Clere according to defendant's

statement." The prayer for relief in the moving affidavit asks that " an order be made restraining E. W. Edwards and Son, defendant, from making use of the name of T. H. Clere as herein noted, from this date until the date of this hearing and from henceforth."

Submitted with the moving affidavit is a verified complaint alleging that various false claims were made containing the name of T. H. Clere, and that the same are malicious, and that mental, physical and financial injury to the kin of T. H. Clere, deceased, has been caused. The demand for judgment recites that: " Wherefore, because of the damage defendant has done to the name, character and memory of T. H. Clere, deceased, and through this damage done to the name of T. H. Clere, deceased, the damage to the kin of T. H. Clere, deceased, plaintiff demands judgment against defendant for the sum of $50,000.00 (Fifty Thousand Dollars) with interest from this date together with the costs and disbursements of this action."

Upon the return day of this motion the defendant appeared by counsel, who submitted only a memorandum of law in opposition.

It is apparent that an error was committed either in the records of the defendant or in the pleading of the affirmative answer with respect to the relation of Mr. T. H. Clere to the storage of the furs referred to above, and the annoyance of the plaintiff and her mother and sister can be readily understood. However, there is nothing in the moving affidavit or the complaint to show any damage to the plaintiff's reputation or property damage to her. As was said in *Baumann* v. *Baumann* (250 N. Y. 382, 388), " In the last analysis the only injury alleged is an injury to plaintiff's feelings. For such an injury an injunction will not be granted." Even if the use of Mr. Clere's name in pleadings and affidavits constituted libel or a maligning of his memory, no cause of action would arise in favor of his relatives. (*Eagles* v. *Liberty Weekly*, 137 Misc. 575, and cases cited; Seelman on Libel and Slander, ¶ 97.)

The motion must be denied, without costs.