ANNA ROSE, STANLEY ROSE, NORMAN ROSE and RITA ROSE, an Infant, by ANNA ROSE, Her Guardian ad Litem, Respondents, v. DAILY MIRROR, INC., Appellant.— The complaint alleges a cause of action based on libel on behalf of each of the plaintiffs, who allege damage by reason of a false publication to the effect that the deceased husband of one of the plaintiffs and father of the remaining plaintiffs was a notorious and criminal character known as " Baldy " Jack Rose. Order denying defendant's motion to dismiss the complaint for insufficiency reversed on the law, without costs, and motion granted, without costs. The fact that plaintiffs are members of the immediate family of one who was the victim of a libelous publication does not afford them a cause of action. (*Wellman* v. *Sun Printing and Pub. Assn.*, 66 Hun, 331; *Sorensen* v. *Balaban*, 11 App. Div. 164; Seelman on The Law of Libel and Slander, § 97.) Lazansky, P. J., Hagarty and Taylor, JJ., concur; Adel, J., with whom Carswell, J., concurs, dissents and votes to affirm the order denying defendant's motion to dismiss the complaint with the following memorandum: A libel is a personal injury and to become the basis of damages in a civil action it must be published of and concerning the plaintiff. Here the deceased husband of one of the plaintiffs and the father of the other three plaintiffs was referred to as a notorious and criminal character. The plaintiffs do not seek to recover damages on their own behalf for the libel upon the memory of the deceased. They sue to recover for a libel upon themselves. A publication to be libelous need not falsely charge misconduct or wrongdoing. It is enough if the publication holds one up to scorn, prejudices one's good name or dignity, degrades or renders one of less esteem either morally or socially in the community. Falsely to charge the deceased with being a notorious and criminal character and then say that the plaintiffs are respectively the widow, sons and daughter is, in my opinion, exposing the plaintiffs to public scorn, scandal, disgrace and obloquy. It is analogous to charging one with being illegitimate. (*Shelby* v. *Sun Printing and Publishing Association*, 38 Hun, 474; affd., on opinion below, 109 N. Y. 611.)

PHILIP ROSENBLUM, as Administrator, etc., of CELIA ROSENBLUM, Deceased, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Plaintiff's intestate was struck by defendant's trolley car. Action to recover for personal injuries and for the death caused thereby. Judgment entered on the verdict of a jury in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

MARIA RUGGIERI, an Infant, by JAMES RUGGIERI, Her Guardian ad Litem, and JAMES RUGGIERI, Respondents, v. BROOKLYN AND QUEENS TRANSIT CORPORA-TION, Appellant.— In an action on behalf of an infant to recover damages for personal injuries sustained as the result of defendant's negligence, by reason of which its trolley car struck the infant and dragged her for some distance, and by her father for expenses and loss of services, judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.