ANNA ROSE et al., Appellants, *v.* DAILY MIRROR, INC., Respondent.

Submitted December 4, 1940; decided December 31, 1940.

*Herbert Baer Brill, Abraham Brill* and *Frank F. Bergenfeld* for appellants.

*Charles Henry* and *James Carroll* for respondent.

LOUGHRAN, J.   The question is whether the complaint in this action states facts sufficient to constitute a cause of action for libel.

The pleading alleges that the plaintiff Anna Rose was the wife of Jack Rose and that the other plaintiffs are their children; that Jack Rose died on May 25, 1939; and that the defendant then published in its newspaper an article of and concerning the deceased Jack Rose wherein he was erroneously identified with one " Baldy Jack Rose," a

person described in the article as a self-confessed murderer who had " lived in constant fear that emissaries of the underworld * * * would catch up with him and execute gang vengeance." This article named the respective plaintiffs as the surviving wife and children of the deceased Jack Rose but made no other direct reference to them.

A motion by the defendant for judgment dismissing the complaint was denied by Special Term. The order of the Special Term was reversed and the motion granted by the Appellate Division. The issue is now here on this appeal by the plaintiffs.

Defendant does not deny that the publication complained of was a libel on the memory of the deceased Jack Rose. Plaintiffs make no claim of any right to recover for that wrong. They stand upon the position that the publication — while it did not affect their reputations in respect of any matter of morals — tended to subject them in their own persons to contumely and indignity and was, therefore, a libel upon them. It is true that a publication which lowers a person in the esteem of others may be actionable as a libel, though it may do no harm at all to the person's reputation respecting his moral disposition. (See the cases collated in *Burton* v. *Crowell Pub. Co.*, 82 Fed. Rep. [2d] 154, 155.) In that view, it has been held that it is a libel to write of a person that a near relative of his was a criminal. (*Merrill* v. *Post Pub. Co.*, 197 Mass. 185; *Van Wiginton* v. *Pulitzer Pub. Co.*, 218 Fed. Rep. 795.)

In this State, however, it has long been accepted law that a libel or slander upon the memory of a deceased person which makes no direct reflection upon his relatives gives them no cause of action for defamation. (*Wellman* v. *Sun Printing & Publishing Assn.*, 66 Hun, 331; *Sorensen* v. *Balaban*, 11 App. Div. 164.) It has been said that the reason for the decision of *Sorensen* v. *Balaban* was that there the defamatory words were spoken of the deceased person alone and were not spoken of the plaintiff (*Merrill* v. *Post Pub. Co., supra,* at p. 192). Reading the *Sorensen* case that way, the plaintiffs say it is not in point here, since their

names appear in the publication in question. This distinction does not commend itself to us. If their names had been omitted from the publication in question, the plaintiffs doubtless would still have suffered in an appreciable degree the loss of social standing and the mortification of which they presently complain. The question now before us is thus in substance the same question that was decided in the *Sorensen* case. Moreover, in *Wellman* v. *Sun Printing & Pub. Assn.* (*supra*), the libel upon the memory of the deceased wife of the plaintiff named him as her husband and that case and the *Sorensen* case have uniformly been cited together as authority for the same principle. (*Matter of Fleming*, 223 App. Div. 849; *Groggins* v. *Daily Mirror, Inc.*, 241 App. Div. 818; *Eagles* v. *Liberty Weekly, Inc.*, 137 Misc. Rep. 575; *Garrison* v. *Sun Printing & Pub. Assn.*, 74 Misc. Rep. 622. [In the case last cited, the appeal to this court did not present the question now under consideration, 207 N. Y. 1.] See, too, *Bradt* v. *New Nonpareil Co.*, 108 Iowa, 449.)

It is thus quite plain to us that the complaint of these plaintiffs can be sustained only if we are prepared to construct a far-reaching extension of the law of libel as it has been generally understood in this State for many years. We are not persuaded that either justice or expediency dictates that we should do so.

The judgment should be affirmed, with costs.

FINCH, J. (dissenting). It is submitted that the plaintiffs herein sue to recover for a libel upon themselves. To publish that a man was a notorious criminal, and then to say that one of the plaintiffs was his wife and the others his children and so possessed of his blood, would seem to give them a cause of action for damages, just as much as to say that plaintiff had no proper family origin, *i. e.*, was illegitimate. (*Shelby* v. *Sun Printing & Pub. Assn.*, 38 Hun, 474, 476; affd., 109 N. Y. 611.) Either of these charges would cause plaintiffs to be held up to ridicule and contempt. The charge of close relationship, as in the case

at bar, distinguishes this case from that where the libel merely characterizes plaintiff as a near relative of the criminal without specifying the relationship. (Cf. *Merrill* v. *Post Pub. Co.*, 197 Mass. 185.) In *Sorensen* v. *Balaban* (11 App. Div. 164) the names of the relatives do not appear upon the publication, which differentiates it entirely from the case at bar. It may be, if the names of the plaintiffs had been omitted from the publication, that they might still have suffered damage, but that is not the case before us.

Mere failure to attribute personal fault or misconduct to plaintiffs does not render the publication of defendant any the less libelous. The charge that the plaintiff is illegitimate is not to attribute fault or misconduct to plaintiff, yet plaintiff has a cause of action. There would seem no distinction between such case and the case at bar.

Plaintiffs are not the widow and children of Baldy Jack Rose, as alleged in the publication in question, and Jack Rose was not the despicable criminal whose shameful career was described. A respectable family whose husband and father has just passed away awakes the next morning to find blazoned forth in a morning newspaper that decedent was a notorious criminal, thus blackening the family and all its members. The slightest effort at verification would have shown the falsity of the story. If the law has reached the result of affording no relief here for the damages suffered, it would seem that the matter should be called to the attention of the Legislature.

It follows that the judgment dismissing the complaint should be reversed.

LEHMAN, Ch. J., SEARS and LEWIS, JJ., concur with LOUGHRAN, J.; FINCH, J., dissents in opinion in which RIPPEY and CONWAY, JJ., concur.

Judgment affirmed.