Violette H. BELLO, Appellant,

v.

RANDOM HOUSE, INC., Bernard Geis & Associates, Dell Publishing Company, Inc., Irving Shulman, and Ward Parkway Book Shop, Inc., Respondents.

No. 52866.

Supreme Court of Missouri, Division No. 1.

Dec. 11, 1967.

Rehearing Denied Jan. 8, 1968.

---◆---

Glenn E. McCann, Knipmeyer, McCann & Millett, Kansas City, for appellant.

John R. Gibson, Ronald C. Spradley, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, for respondents.

HOUSER, Commissioner.

The question for decision, concededly a case of first impression in this state, is whether a surviving relative has a cause of action under § 559.410, RSMo 1959, V.A. M.S.,[1] for a malicious defamation, made public by printing, designed to blacken and vilify the memory of one who is dead. The question arises in this wise: Violette H. Bello, the surviving widow of Marino Bello, deceased, brought an action in the Circuit Court of Jackson County for $1,000,000 damages for libel against the publishers, distributors, a local seller and the author of the book "Harlow, an Intimate Biography." The petition charged that defendants maliciously published false, defamatory and libelous printed matter concerning Marino Bello which blacken and vilify the memory of the deceased Marino Bello and scandalize or provoke his surviving relatives and friends, in violation of § 559.410, and that plaintiff as his widow is scandalized, pro-

voked and libeled by reason of the publication of the book. The circuit court sustained the motion of Random House, Inc., Dell Publishing Company, Inc., and Ward Parkway Book Shop, Inc. to dismiss and dismissed the petition for two reasons: (1) for failure to state a claim upon which relief can be granted and (2) because any claim that may exist has abated under the provisions of § 537.030, RSMo 1959, V.A. M.S.[2] Plaintiff appealed, claiming that in so ruling the court erred; that § 559.410 created a cause of action for libel in plaintiff and that she properly alleged such a cause of action in her petition; that her cause of action is not abated by § 537.030 because that section applies only to persons who have died, and has no application to plaintiff, who is alive.

■ The circuit court did not err in ruling that the petition does not state a claim upon which relief can be granted. Section 559.410, which appears in the chapter on "Offenses against Persons" under the title "Crimes and Punishments," defines libel. It is a definition section. Although the definition of libel therein contained is applicable both to civil as well as criminal cases, Coots v. Payton, 365 Mo. 180, 280 S.W.2d 47, 53 [11]; Hylsky v. Globe Dem. Pub. Co., 348 Mo. 83, 152 S.W.2d 119, 122 [5, 6], it is substantially the same as the definition of libel at common law, Skelley v. St. Louis & S. F. R. Co., 176 Mo.App. 156, 161 S.W. 877, 878; Kenworthy v. Journal Co., 117 Mo.App. 327, 93 S.W. 882, 885. No right of action existed at common law for damages for the defamation of the dead, in favor of the surviving relatives who themselves are not defamed. Gillikin v. Bell (1961), 254 N.C. 244, 118

1. "559.410. Libel defined.—A libel is the malicious defamation of a person made public by any printing, writing, sign, picture, representation or effigy tending to provoke him to wrath or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse, or any malicious defamation made public as aforesaid, designed to blacken and vilify

the memory of one who is dead, and tending to scandalize or provoke his surviving relatives and friends."

2. "537.030. Section 537.010 not to extend to what actions.—Sections 537.010 and 537.020 shall not extend to actions for slander, libel, assault and battery or false imprisonment."

S.E.2d 609 [5]; Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246, 146 A.L.R. 732, 739; Rose v. Daily Mirror, 284 N.Y. 335, 31 N.E.2d 182, 132 A.L.R. 888; Kelly v. Johnson Publishing Co., 160 Cal.App.2d 718, 325 P.2d 659; Hughes v. New England Newspaper Pub. Co., 312 Mass. 178, 43 N.E.2d 657; 33 Am.Jur. 42; 53 C.J.S. Libel and Slander § 11 a., p. 53; Restatement of Torts, Vol. 3, pp. 143–144.

■ One reason for the rule is that the action is personal. The injury must be to the reputation of the plaintiff. No action lies by a third person for a libel directed at another. "A party cannot support a charge of libel by showing that the same publication libeled another. To make a case, the publication must be libelous as to the plaintiff, not another. The malice supporting the charge must flow from defendant to plaintiff and be personal to him alone and not another. * * * In libel every tub stands on its own bottom." Diener v. Star-Chronicle Pub. Co., 230 Mo. 613, 132 S.W. 1143, 1147. The action must be brought by the person against whom the defamatory charge has been made. 53 C.J.S. Libel and Slander § 145; Renfro Drug Co. v. Lawson, supra. Nothing in "Harlow, an Intimate Biography" defamed, reflected upon, or referred to plaintiff. The only reference in the book to the wife of Marino Bello were references to the former Mrs. Bello (Jean Harlow's mother) and not to this plaintiff, who married Bello after Bello was divorced from Jean's mother.

■ The intent of the General Assembly in enacting this section "was to make all classes of libel misdemeanors [i. e., criminal] and actionable per se, *and not to make publications libelous other than at common law.*" (Our brackets and emphasis.) Skelley and Kenworthy, supra. It was not intended to modify the common law by creating an entirely new cause of action for the recovery by surviving relatives and friends of damages for the defamation of a dead person. If this had been the intention of the lawmakers when in 1879 this section was first enacted that intention would doubtless have been clearly stated and not left to implication; the surviving relatives given the right to sue would have been designated and provision made for the distribution of any sums recovered.

■ The circuit court having properly sustained the motion to dismiss for failure to state a claim upon which relief can be granted, it is unnecessary for us to consider the question of abatement under § 537.030, or respondents' point that the motion was properly sustained because this action is governed by the law of California, where plaintiff resides, under which it is said that there is no civil action for defamation of a deceased person.

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.