■ AIDA CRUZ, Respondent, v LATIN NEWS IMPACTO NEWSPAPER et al., Appellants. [627 NYS2d 388] —Order of the Supreme Court, Bronx County (Jerry L. Crispino, J.), entered June 16, 1994, which, *inter alia,* denied defendant Latin News Impacto's motion for summary judgment, dismissing causes of action for libel and violation of Civil Rights Law §§ 50 and 51, is unanimously reversed, on the law, to the extent appealed from, and the motion for summary judgment granted, without costs or disbursements.

Defendant is a Spanish-language newspaper. On November 18, 1992 it published an article about plaintiff, containing her picture and describing her as having AIDS. It is undisputed that at the time the article was published, plaintiff was HIV-positive and seriously ill with AIDS-related illnesses, having been extensively hospitalized for Bacillary Angiomatosis, pneumonia, and Disseminated Herpes Zoster infection. Her T-Cell count was 75, whereas a patient who is HIV-positive and has a T-Cell count below 200 is deemed by the Centers for Disease Control (CDC) to have AIDS. That definition of AIDS became effective on January 1, 1993. On November 18, 1992, when the article was published, the CDC was still using an older definition of AIDS under which plaintiff's AIDS-associated illnesses did not put her in the category of having AIDS.

The plaintiff's plight is indeed pitiful and cries out for sympathy. Unfortunately, for her, the law does not give her the legal relief she seeks.

The IAS Court, *inter alia*, denied defendant's motion for summary judgment as to plaintiff's causes of action for libel and Civil Rights Law violations (unauthorized advertising use of likeness). The Court found that the article was on a matter of private concern (implying diminished constitutional protection), and that there were triable issues of fact as to the truth of statements in the article, citing the fact that plaintiff did not have AIDS under the then-applicable CDC definition. The Court also refused to dismiss the Civil Rights Law cause of action.

Disclosure of a person's HIV or AIDS status may well be an invasion of privacy, but New York recognizes no tort of invasion of privacy except to the limited extent provided by the Civil Rights Law provisions at issue herein (*Kimmerle v New York Evening Journal*, 262 NY 99, 102). The statutes relating to confidentiality of AIDS and HIV diagnoses apply to health care providers and certain others, not the news media (Public Health Law art 27-F).

Further, New York does not recognize a tort for reporting inaccurate, but not defamatory information (*Nichols v Item Publs.*, 309 NY 596), nor a tort for placing someone in a " 'false light' " (*Arrington v New York Times Co.*, 55 NY2d 433, 442, *cert denied* 459 US 1146).

On the day the article was published, plaintiff unquestionably had a number of AIDS-related conditions and appeared, based on what was reported as the reporter's personal observations, to be quite ill. Under the CDC definition which took effect a few weeks after the article was published, plaintiff *did* have AIDS. The argument made by plaintiff that the defense of truth had not been established, because the new CDC definition was not yet in effect, is not persuasive. It overlooks the fact that the CDC was simply updating an outmoded and inadequate definition of AIDS.

In any event, even if it was not literally true that plaintiff had AIDS on the date of publication, there was certainly no showing by plaintiff of the defendant acting "in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199; *see also, Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, *cert denied* 434 US 969). The IAS Court erred in deciding, *sua sponte*, that this article was a mat-

ter of private, not public concern. Discrimination against AIDS or HIV patients is obviously a matter of public concern, and it is settled law that such character is not changed by the "familiar journalistic technique of featuring the experiences of a single individual, as exemplifying in human terms the plight of many" (*Gaeta v New York News*, 62 NY2d 340, 350).

Accordingly, under all the circumstances, including the new CDC definition, plaintiff's undisputed AIDS-related illnesses, and defendant's reporter's first-hand observations, plaintiff failed to raise a triable issue as to whether defendant "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch*, *supra*, at 199).

Plaintiff's claim that the statement, attributed to her, that her husband infected her as the result of patronizing prostitutes was defamatory, could be defamatory as to *him*, not *her* (*Rose v Daily Mirror*, 284 NY 335; *Kimmerle v New York Evening Journal*, 262 NY 99, 103, *supra*). She also claims that the statement that she had tuberculosis (TB) was defamatory, but there is no authority for classifying TB among the diseases of which false imputations are defamatory. In any event, the article merely says that the social worker told the paramedics that plaintiff had TB. Finally, plaintiff claims that the article states that plaintiff takes care of a retarded granddaughter, whereas the child is not in fact retarded. However, this claim was not part of the libel cause of action, and is, in any event, again, not defamatory of plaintiff.

Summary judgment should have also been granted to defendant on the cause of action asserted pursuant to Civil Rights Law §§ 50 and 51, for unauthorized advertising use of a photo. " ' "[A] picture illustrating an article on a matter of public interest is not considered used for the purpose of trade or advertising * * * unless it has no real relationship to the article * * * or unless the article is an advertisement in disguise". ' " (*Finger v Omni Publs. Intl.*, 77 NY2d 138, 142.)

The "advertisement in disguise" exception is very narrowly construed. Even a fashion article which directs the reader's attention to specific stores and their wares is not an "advertisement in disguise" (*Stephano v News Group Publs.*, 64 NY2d 174), and the brief favorable mention of a real estate agency in the article herein does not meet the standard for such an exception.

The IAS Court also denied defendant's motion for summary judgment on plaintiff's first cause of action for trespass. Defen-

dant did not appeal from that denial and, therefore, we note that such cause of action remains viable. Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.