■ JULIA SARWER, Appellant, v CONDE NAST PUBLICATIONS, INC., et al., Respondents. [654 NYS2d 768] —Order, Supreme Court, New York County (Carol Arber, J.), entered March 26, 1996, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, and, order, same court and Justice, entered on or about July 3, 1996, which, insofar as appealable, denied plaintiff's motion for the court to disqualify itself, unanimously affirmed, without costs.

Plaintiff's causes of action alleging that certain statements in a magazine article entitled *Point Zero*, published in defendants' magazine Vanity Fair, in November 1989, were defamatory, were properly dismissed. The 79 statements in the article claimed to be defamatory were either not about plaintiff at all but rather her family members, particularly her father (*see, Springer v Viking Press*, 60 NY2d 916), or, if referable to plaintiff, not susceptible of a defamatory connotation (*see, James v Gannett Co.*, 40 NY2d 415, 419-420), the effect of the article as a whole being to leave the reader with only sympathy for plaintiff as a victim of child abuse (*see, Kimmerle v New York Evening Journal*, 262 NY 99). Nor can plaintiff recover on the theory that the article placed her in a "false light" as a victim of child abuse (*see, Howell v New York Post Co.*, 81 NY2d 115, 123; *Cruz v Latin News Impacto Newspaper*, 216 AD2d 50, 51), and New York does not recognize the tort of libel by relation (*see, Rose v Daily Mirror*, 284 NY 335, 337; *Cruz v Latin News Impacto Newspaper, supra*, at 52). The "Editor's Letter" that accompanied the article, essentially an introduction and reaction to it, was clearly a constitutionally protected expression of opinion, and thus also unavailing for purposes of a defamation claim (*see, Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 242-243, *cert denied* 500 US 954). We note the absence of merit to a separately stated cause of action under which plaintiff alleges that defendants owed her "a duty of care to thoroughly fact-check matters to be published" so as not to defame her. Since the content of the article was " 'within the sphere of legitimate public concern' " and " 'reasonably related

to matters warranting public exposition,' " plaintiff had to allege and prove that defendant's investigatory process was " 'grossly irresponsible' " as measured against " 'the standards of information gathering and dissemination ordinarily followed by responsible parties' " (*Weiner v Doubleday & Co.*, 74 NY2d 586, 595, *cert denied* 495 US 930). Finally, even if defendants knew that publication of the article would embarrass and otherwise distress plaintiff, the act of publication was privileged conduct, and therefore cannot support a cause of action for intentional infliction of emotional distress (*see, Howell v New York Post Co., supra,* at 125-126). We have reviewed plaintiff's remaining claims, including those related to the court's refusal to disqualify itself, and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Williams and Andrias, JJ.