■ THEMED RESTAURANTS, INC., Doing Business as LUCKY CHENG'S, Appellant, v ZAGAT SURVEY, LLC, et al., Respondents, et al., Defendants. [801 NYS2d 38]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered August 25, 2004, which, to the extent appealed from as limited by the brief, granted defendant's motion insofar as to dismiss plaintiff's causes of action for defamation, trade libel and negligence, unanimously affirmed, with costs.

The complained-of restaurant review appearing in the 2004 edition of defendant's Zagat Survey of New York City Restaurants does not furnish an actionable basis for a defamation or trade libel claim. The Zagat Survey features reviews compiled from surveys submitted to Zagat from members of the public. Plaintiff restaurant, as described by its owner, is a theme restaurant with a drag queen cabaret, where female impersonators are both waiters and performers, and customer participation contributes to the entertainment. The Zagat Survey rated plaintiff restaurant at "9" or "fair" for food, and "15" or

"good" for both decor and service. The review further contained the allegedly libelous statements that "God knows 'you don't go for the food,' " and "weary well-wishers suggest that they 'freshen up the menu and their makeup.' " These quotes were taken from comments made by the consumer participants in the Zagat Survey.

The motion court properly concluded that there is no reason to depart from the traditional legal analysis applied when assessing defamation claims simply because the review at issue is not that of an individual diner, but rather an edited summary of multiple anonymous consumer opinions. Plaintiff fails to draw any meaningful distinction between the Zagat Survey and other reviews that would warrant novel legal analysis.

The allegedly libelous statements can only be construed as statements of opinion and thus are constitutionally protected (see Guerrero v Carva, 10 AD3d 105, 111 [2004]). Indeed, restaurant ratings and reviews almost invariably constitute expressions of opinion (see e.g. Mr. Chow of N.Y. v Ste. Jour Azur S.A., 759 F2d 219 [1985]).

Finally, since plaintiff's negligence claim is based upon the very same factual allegations underlying its defamation claim and, like the defamation claim, seeks redress for injury to reputation, the negligence claim was properly dismissed as duplicative (see Sarwer v Conde Nast Publs., Inc., 237 AD2d 191 [1997]). Concur—Sullivan, J.P., Ellerin, Nardelli and Sweeny, JJ. [See 4 Misc 3d 974.]